## J. L. HERMAN ET AL. v. NAT GUNTER.

### No. 3118.

1. **Negotiable Paper—Bona Fide Holder.**—In suit by a remote indorsee upon a negotiable note against the maker who seeks to impeach the consideration, the maker (defendant) has the burden of establishing not only the failure of the consideration for the note, but also that the plaintiff acquired the same with notice or without paying a valuable consideration.

2. **Valuable Consideration.**—One who acquires a negotiable note in payment of a pre-existing debt is a purchaser for value and in the usual course of trade.

3. **Indorsement by Bona Fide Holder.**—A holder from a bona fide indorsee takes a negotiable note discharged of inquiry into its consideration; whether such remote holder had notice or paid value, etc., is immaterial. His rights are those of the bona fide holder through whom he claims.

4. **Refusal of Continuance.**—The refusal of a continuance asked in order to obtain testimony which could not avail the party in his case is no grounds of complaint.

ERROR from Dallas. Tried below before Hon. R. E. BURKE. The opinion states the case.

*A. S. Lathrop,* for plaintiffs in error.—1. Upon a plea of failure of consideration and proof of same, in a suit upon a promissory note, the burden of proof then is on the plaintiff, the assignee of the note, to show that he obtained the same for a valuable consideration before ma-

turity, and that he had no notice of the failure of consideration. Tabor v. Bank (Ark.), 3 S. W. Rep., 805, and cases cited; Marion County v. Clark, 94 U. S., 278–285; Collins v. Gilbert, 94 U. S., 753; Tucker v. Morrill, 1 Allen (Mass.), 528.

2.   When it is proved that there is a failure of consideration of a note, although an innocent purchaser obtains the same before maturity and he transfers the same to a person who has knowledge of the failure of considerations and does not pay value for the same, the latter person can not recover.

*W. Spence* and *Leake, Shepard & Miller*, for defendant in error.—The uncontradicted testimony in this cause, as shown all through the statement of facts, discloses that there was one intermediate holder and owner of the note sued on who was an innocent purchaser of same before maturity for full value, and without any notice of any infirmities whatever in the negotiable paper sued upon. Hence plaintiff in the suit, Nat Gunter, could and would have recovered judgment therein, notwithstanding that all the statements made in the application for continuance had been proved. Allyn v. Willis, 65 Texas, 65; Scotland County v. Hill, 132 U. S., 117, and authorities cited.

MARR, JUDGE, *Section A.*—The counsel for plaintiffs in error makes the following statement of the nature and result of the suit:

"This suit was brought by the defendant in error, plaintiff below, against plaintiffs in error, on January 12, 1887, on a promissory note dated July 1, 1885, signed by J. L. Herman, and payable to his order six months after date, and indorsed by said Herman, and also by J. J. Levy and E. M. Tillman. In plaintiffs' petition, it is alleged that plaintiffs bought said note from Belle C. Pierce, and that the same was transferred to him for a valuable consideration before the same became due. On the 2d day of May, 1887, defendants filed their first amended original answer, pleading general demurrer, general denial, and failure of consideration, stating fully therein wherein there was a failure of consideration in said note, and that the same was procured by fraud and false representations, and also pleaded that the defendant in error herein had actual as well as constructive notice of the failure of consideration of said note before he became the possessor or owner of same, which plea was duly sworn to. On the 27th day of March, 1889, defendants filed their sworn application for a continuance of said cause. The application was overruled and defendants forced into trial, which resulted in a verdict and judgment for plaintiff. On March 28, 1889, plaintiffs in error filed a motion for a new trial, which, on May 29, 1889, was overruled, to which defendants excepted and gave notice of appeal in open court. Plaintiff in error also took a bill of exceptions to the order of the court overruling his application for a continuance."

Subsequently and in due time the defendants below perfected the writ of error to the Supreme Court. We shall postpone the first assignment of error for the present.

The second assignment of error is as follows: "The court erred in that part of its charge wherein it says, 'And to rebut this finding it is necessary for the defendants to show, first, that the consideration for which the note was given has failed, and that the plaintiff and his assigns had knowledge of such failure;' for the law is, that after defendants prove failure of consideration, then it devolves on plaintiff to show that he got the note for a valuable consideration, without notice of failure of consideration."

The contest in this case is between the makers of the note (which is negotiable) and a remote or subsequent indorsee, between whom there is no privity. 1 Dan. Neg. Inst., sec. 174. In the same paragraph of the charge in which the above language, by way of a qualification, is used, the court correctly instructed the jury to the effect that the plaintiff, as the indorsee and holder of the note, "is presumed to have acquired it for value before maturity, and without notice of any failure of consideration." Blum v. Loggins, 53 Texas, 121; 1 Dan. Neg. Inst., sec. 812. There being evidence tending to show a failure of the consideration for the note itself, the defendants below contend that after they had offered such testimony the burden of proof was shifted to the plaintiff, and that it then devolved upon him to prove that he obtained the note without notice of this infirmity, and for value. This may be the rule between the maker and payee, or an indorsee and his immediate indorser, but not when the plaintiff is a remote indorsee and sues *no* one in privity with himself. In such case the defendant is required under the law to assume the double burden of establishing not only the failure of the original consideration for the note, but also that the plaintiff acquired the same *with* notice, or without paying a valuable consideration. In the present instance there is no proof whether plaintiff had notice, or paid value or not. We think that, under the circumstances of this case, there was no error in the charge of the court in the particular here complained of; and this will also dispose of the fourth assignment of error, which presents the same question upon the action of the court in refusing to allow a special instruction upon the burden of proof. 1 Dan. Neg. Inst., secs. 165, 812, 814, et seq.; Blum v. Loggins, supra; Greneaux v. Wheeler, 6 Texas, 515; Collins v. Gilbert, 94 U. S., 753. We do not determine where the burden of proof would be if the note originated in fraud perpetrated upon the maker. The court did not charge upon this subject at all, but only referred to the issue of fraudulent representations, etc., as affecting the right of defendants to plead the failure of consideration in case no deception was practiced on the maker, and then but incidentally. The defendants requested *no* charge upon the subject, and

have not presented any assignment of error which in anywise raises the question.  Blum v. Loggins, supra; 1 Dan. Neg. Inst., secs. 166, 815. Neither this question, however, nor those already considered, could scarcely be of controlling importance, or would affect the correctness of the judgment rendered below, as will appear from a consideration of the third assignment of error, which is as follows:

"The court erred in that part of its charge wherein it says, 'If the notes were transferred to Mrs. Pierce, in payment or satisfaction to her for money procured for an advancement to Shumard, and she had no notice of any failure of consideration in the same, if any, then the plaintiff would be entitled to recover;' because the same is not the law applicable to this case."

It is not questioned by the plaintiffs in error that Mrs. Belle Pierce (now Shumard) did in fact acquire the note without notice or knowledge of any fraud or failure of consideration.  She thereafter transferred the note to the plaintiff.  She had obtained title to the note through M. A. Shumard, the first indorsee.  We think that the above instruction of the court was correct.  It is the settled law of this State that one who acquires a negotiable promissory note in payment of an existing debt is a purchaser for value and in the usual course of trade. Heffron v. Cunningham, 76 Texas, 318, and authorities cited; Blum v. Loggins, 53 Texas, 137; Alstin's Exr. v. Cundiff, 52 Texas, 453.  We also hold, upon equally as good authority, that as Mrs. Pierce had thus acquired title to the note in good faith and for value, it is immaterial whether the plaintiff paid value, or had notice at the time when she transferred the note to him, if in fact the title passed to him by the transfer.  He is protected by reason of her perfect title to the instrument, and as she could undoubtedly have recovered upon the note, so can he by reason of possessing her indefeasible rights in the paper. This view of the case would seem to necessarily lead to an affirmance of the judgment so far as the issues of law are concerned.  Watson v. Flanagan, 14 Texas, 354; 18 Texas, 835; Blum v. Loggins, supra; Scotland County v. Hill, 132 U. S., 107; 1 Dan. Neg. Inst., sec. 803, et seq.

The fifth assignment of error is too indefinite to require consideration.  It is to the effect that "the court erred in refusing to grant a new trial for the reasons set forth in the motion therefor."

We recur now to the first assignment of error, which complains of the refusal of the court to grant the application for a continuance.  It was the third application.  Its purpose was to obtain the testimony of the plaintiff, by whom defendants say that they expected to prove that he obtained the note *with* notice of the fraud and failure of consideration and without paying a valuable consideration.  We have already held that these facts if established could not have the effect of defeating plaintiff's right of recovery derived through Mrs. Pierce.  The refusal of the continuance worked no injury, therefore, to the defendants.

But the application is fatally defective in diligence. The defendants waited more than two years after suit before taking any action to obtain the plaintiff's testimony, and then obtained a subpœna and filed interrogatories only a short time before the trial, notwithstanding the fact that they had already been granted two continuances in the case. The application was properly denied.

We conclude that the judgment ought to be affirmed.

*Affirmed.*