### BARNES v. McCARTHY.

(Court of Civil Appeals of Texas. Nov. 12, 1910. Rehearing Denied Dec. 30, 1910.)

1. EVIDENCE (§ 63*)—PRESUMPTION OF SANITY.

The presumption is that one signing a note is of sane mind, and the burden of proving the contrary is on the party alleging it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 83; Dec. Dig. § 63.*]

2. BILLS AND NOTES (§ 366*) — CONTRACTS — NOTES—BONA FIDE HOLDER.

One executing a note while insane is not liable thereon, even in the hands of an innocent person.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 945; Dec. Dig. § 366.*]

3. EVIDENCE (§ 91*)—BURDEN OF PROOF.

One having the affirmative of the issue as determined by the pleadings has the burden of proof, and it never shifts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 113; Dec. Dig. § 91.*]

4. ATTORNEY AND CLIENT (§ 123*)—TRANSACTIONS BETWEEN PARTIES — VALIDITY—BURDEN OF PROOF.

To sustain a transaction resulting advantageously to an attorney, he has the burden of showing that he used no undue influence over his client, and that he gave his client all the information and advice which it was his duty to give if he had not been interested, and that the transaction was as beneficial to the client as it would have been had the client dealt with a stranger.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 239–245, 247–249; Dec. Dig. § 123.*]

5. BILLS AND NOTES (§ 373*) — BONA FIDE HOLDER—RIGHTS ACQUIRED.

Where a maker of a note was influenced to execute it for an excessive amount through

'undue influence, an innocent purchaser may recover the full amount of the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 966; Dec. Dig. § 373.*]

6. BILLS AND NOTES (§ 505*)—ACTIONS—EVIDENCE—ADMISSIBILITY.

Where, in an action by an indorsee of a note against the executor of the deceased maker, the executor made the payee a party and alleged that the payee exercised undue influence over the maker while occupying the relation of attorney to her, evidence that the payee, after the action was brought, had stated that, while he had taken the note, he did not expect to collect the full amount thereof, but that he expected the court to pass on the reasonableness of his fees as evidenced by the note, but that since the suit had been filed he would insist on the full amount, was admissible on the issue between the executor and the payee that his charge for his services was excessive.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1717, 1718; Dec. Dig. § 505.*]

7. BILLS AND NOTES (§ 505*)—ACTIONS—EVIDENCE—ADMISSIBILITY.

Where, in an action on a note executed by a client to her attorney for services rendered, the issue was whether the charge made by the attorney was excessive, evidence that the maker's estimate of the value of the attorney's services was based on a false estimate of the value of the estate which she obtained by him was admissible.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1717, 1718; Dec. Dig. § 505.*]

8. BILLS AND NOTES (§ 505*)—ACTIONS—UNDUE INFLUENCE—EVIDENCE—ADMISSIBILITY.

Where, in an action on a note executed by a client to his attorney for services, the issue was whether the attorney had exercised undue influence in procuring the note, evidence that the client had stated that the attorney had told her that her brother had stolen some of her property, and that she did not see why the attorney should have made such statement unless it was true, and that she had been induced to believe that it was true, was admissible.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1717, 1718; Dec. Dig. § 505.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by C. C. McCarthy against Sylvester Barnes, executor of Mrs. Kate Tibbs, deceased, in which James P. Haven was made a party. From a judgment for plaintiff against defendant Sylvester Barnes, as executor, and against James P. Haven, defendant Barnes appeals. Reversed and remanded.

Wolfe, Hare & Maxey, for appellant. J. H. Wood, for appellee.

BOOKHOUT, J. On August 3, 1908, C. C. McCarthy filed this suit in the district court of Grayson county against Sylvester Barnes, executor of the estate of Mrs. Kate Tibbs, deceased, on a note for $1,750, dated November 2, 1907, signed by Mrs. Kate Tibbs and payable to the order of James P. Haven, with interest at the rate of 10 per cent. per annum from its date, and 10 per cent. attorney's fee in the event suit was brought on such note, and to foreclose a lien on 25

shares of Red River Bridge Company stock, which was alleged to have been delivered with said note as security therefor. On December 14, 1908, appellant filed his first amended original answer in lieu of his original answer making the said James P. Haven a party to said suit, and alleging that at the time of the execution of said note Mrs. Tibbs was an old and infirm woman of unsound mind, and that at the time of the execution of said note the said Haven was the attorney and confidential adviser of the said Mrs. Tibbs; also, that said note was procured by false representations and undue influence and for an amount grossly out of proportion to the services rendered, and praying for the cancellation of said note and tendering $500 as reasonable compensation for all services of said Haven to Mrs. Tibbs. The said James P. Haven appeared and answered by general demurrer and general denial. Plaintiff, McCarthy, filed his first supplemental petition in reply to the matters set up in appellant's answer and praying for judgment against the executor of Mrs. Tibbs, deceased. To this supplemental petition said Haven filed his first supplemental answer in the form of a general denial. The suit was tried, and the court, after the introduction of evidence, instructed the jury to return a verdict for C. C. McCarthy against defendant Sylvester Barnes as executor of the estate of Mrs. Kate Tibbs, and against Haven as indorser of the note, for 10 per cent. interest, and 10 per cent. attorney's fee. Judgment was rendered in accordance with the instruction of the court for $2,216.42, against Sylvester Barnes as independent executor of the estate of Mrs. Kate Tibbs, and against Haven as indorser of said note with all costs. The motion of the executor, Sylvester Barnes, for a new trial having been overruled, he perfected an appeal.

The appellant assigns as error the court's charge instructing a verdict in the case for plaintiff. The charge was as follows: "In this case you are instructed to return a verdict in favor of plaintiff, C. C. McCarthy, against defendant Sylvester Barnes as executor of the estate of Mrs. Kate Tibbs, and also against J. P. Haven an indorser on the note which is the subject of this suit for the principal of said note, together with interest at the rate of 10 per cent. per annum from the date of said note and 10 per cent. additional as attorney's fees." We are of the opinion that this assignment must be sustained. The defendant had specifically pleaded that Mrs. Tibbs was of unsound mind at the time she signed the note. There was evidence tending to show, and upon which the jury could have found, that Mrs. Tibbs, the maker of the note was of unsound mind at the time of its execution. The presumption is that she was of sane mind when she signed the note, and the burden of proof was

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

on her executor, who denied it. If she was insane when the note was executed, her estate is not liable thereon. 1 Parsons on Notes & Bills, pp. 149, 150; 1 Daniel, Neg. Insts. (5th Ed.) § 209; Edwards on Bills, p. 63. And this is so, although the note may have become the property of an innocent party. Daniel, Neg. Insts. § 210.

Again, it is contended that the evidence showed that the relation of attorney and client existed between appellee Haven and Mrs. Tibbs at the time she executed the note, and, there being evidence that his charge for attorney's fees for which the note was given was excessive, the burden of proof was on him not only to show the fairness of the transaction, but the reasonableness of the charge, and for this reason the court erred in withdrawing the issue from the jury. There was evidence that at the time of the execution of the note sued on Mrs. Tibbs was an old lady infirm in body and mind; that she was in a state of mind that she could be easily influenced; that Haven was her attorney and confidential adviser; and that his charge of $1,750 for his services in representing her was exorbitant. We are not prepared to agree to this contention. The general rule is that whoever has the affirmative of the issue as determined by the pleadings, or where there are no pleadings, by the nature of the investigation has the burden of proof. It never shifts from that party either in civil or criminal cases. 16 Cyc. p. 926. In dealings between attorney and client, owing to the confidential and fiduciary relation between an attorney and his client and to the influence of the attorney over his client growing out of that relation, courts of law, and especially of equity, scrutinize most closely all transactions between an attorney and his client. To sustain a transaction of advantage to himself with his client, the attorney has the burden of showing, not only that he used no undue influence, but that he gave his client all the information and advice which it would have been his duty to give if he himself had not been interested, and that the transaction was as beneficial to the client as it would have been had the client dealt with a stranger. 4 Cyc. p. 960. We do not think it can be said that the burden of proof was on Haven to show the fairness of the transaction and the reasonableness of his charge, and an affirmative charge to that effect was not authorized. Clark v. Hills, 67 Tex. 148, 2 S. W. 356. If Mrs. Tibbs was of unsound mind when she executed the note, her executor could not be held on the contract. If she was sane and was influenced to execute the note for an excessive amount through undue influence, then the plaintiff, if an innocent purchaser, could recover on the note. Herman v. Gunter, 83 Tex. 66, 18 S. W. 428, 29 Am. St. Rep. 632. The executor, in such case, could recover on his cross-bill against Haven any excess of the note over a reasonable fee.

It was proposed to prove by the witnesses Drs. Bristol and Ellis that J. P. Haven, while at their respective offices, after the institution of this suit, made the statement that, while he had taken the note for the amount of $1,750, he did not expect to collect that much; that he expected the court to pass upon the reasonableness of his fee; but that since the suit had been filed he intended to insist upon the whole amount. This testimony was excluded by the court as immaterial, irrelevant, and hearsay. This ruling was error. While this evidence was not admissible to defeat the suit of McCarthy on the note, it was admissible on the issue between the executor and Haven that his charge for his services was excessive.

After the witness Miss Roy had testified that she was acquainted with the deceased, Mrs. Tibbs, it was then proposed to prove by her that some time about the month of October, 1907, and before Mrs. Tibbs' death in February, 1908, that she visited Mrs. Tibbs at her home and there had a conversation with her, in which conversation Mrs. Tibbs stated to witness that she had an estate valued at about $80,000. Whereupon she was asked the question, "Did she tell you how she knew she was worth that much?" To which the witness answered, "Yes, sir." Then she was asked, "How did she say she knew that?" To which she answered, "In the conversation she stated that her lawyer said she was worth that much." This evidence was excluded on the ground that it was irrelevant, immaterial, hearsay, self-serving, argumentative, inference on inference, and too remote. This ruling was error. There was evidence in behalf of Haven to the effect that Mrs. Tibbs said that his fee for $1,750 was reasonable, and that she had expected it to be $2,000. It was competent to show that her estimate of the value of Haven's services was based on a false estimate of the value of her estate which she obtained from him.

The witness Sylvester Barnes, while testifying in his own behalf, was asked the following questions: "Did your sister ever say anything to you about this mine or mine contract about December 21, 1907? Did she ask you any question with reference to that mine? What did your sister ask you about this mine or the mine contract, and what did you reply?" The counsel for Haven objected to these questions as irrelevant, immaterial, hearsay, and self-serving. The exceptions were sustained and the testimony excluded. The witness would have answered, had he been permitted, that his sister asked him if he really stole the mining contract, and that she stated to him that Mr. Haven had told her that he had done so, and that she did not see at the time why he should have made such statement to her unless it was true, and that she had been induced by him to believe that it was so. This ruling was error. The evidence was compe-

tent as affecting the issue of undue influence on the part of Haven over Mrs. Tibbs.

We also sustain the twelfth assignment of error, which is in effect that the court erred in excluding the testimony of Sylvester Barnes as to what Mrs. Tibbs told him in December, 1907, about having made a will and how she had disposed of certain of her property.

For the errors indicated, the judgment is reversed, and the cause remanded.