### TAYLOR v. TRUSSELL et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 13, 1911. Rehearing Denied June 24, 1911.)

1. BILLS AND NOTES (§ 497*)—BONA FIDE PURCHASERS—BURDEN OF PROOF—FAILURE OF CONSIDERATION.

In view of Rev. St. 1895, art. 314, providing that the defendant in any action on a written instrument may plead a failure of consideration against a subsequent holder who took with knowledge of the failure, the party pleading such failure of consideration has the burden of proving that the holder had knowledge thereof prior to his acquisition of the instrument.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1675–1687; Dec. Dig. § 497.*]

2. BILLS AND NOTES (§ 497*)—BONA FIDE PURCHASERS—BURDEN OF PROOF—FAILURE OF CONSIDERATION.

Where a note was procured by fraud and without consideration, and there were circumstances in evidence tending to show that a subsequent holder acquired the note with knowledge of the fraud or want of consideration, the burden of proof with respect to the knowledge of the transferee of the want of consideration shifts, and the transferee has the burden of showing that he had no notice of the want of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1675–1687; Dec. Dig. § 497.*]

3. BILLS AND NOTES (§ 497*)—BONA FIDE PURCHASERS—BURDEN OF PROOF—FAILURE OF CONSIDERATION.

In an action by a transferee upon a note claimed to have been given without consideration, evidence *held* to raise such an inference that the transferee had knowledge of the want of consideration as to shift the burden of proving that fact from the defendant to the transferee.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1675–1687; Dec. Dig. § 497.*]

Appeal from District Court, Childress County; S. P. Huff, Judge.

Action by J. J. Taylor against E. E. Trussell and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Jos. H. Aynesworth, for appellant. Fires & Diggs, for appellees.

CONNER, C. J, Appellant, J. J. Taylor, instituted this suit in the district court of Childress county upon a promissory note for $1,666, executed by appellees E. E. and W. L. Trussell and Frank Glover, payable to the order of Mac D. Bybee. The defense, so far as necessary to notice, was fraud in the execution and transfer of the note, and an entire failure of consideration, with alleged notice to appellant, to whom the note had been assigned by Mac D. Bybee before its maturity. A jury trial resulted in a verdict and judgment in favor of the makers of the note.

[1] The principal contention on this appeal is that the verdict is without sufficient evidence to support it, and that, therefore, the trial court should have granted the motion for a 'new trial. Appellant in no manner questions the sufficiency of the evidence establishing the fact that the note was without consideration, but the insistence most urgently made is that appellant was without notice of the vice in the note, and this is made to depend in the argument upon the further contention that the burden of proof was upon appellees to establish the fact of notice, and that there is no evidence so showing. Regardless of the effect of appellees' admission of plaintiff's cause of action, save as it might be defeated by the facts constituting the defense made in accordance with rule 31, the general rule, we think, undoubtedly is that, where a suit is instituted upon any written instrument by the assignee thereof before maturity, and a failure or partial failure of consideration is pleaded, the burden of proof is upon the party pleading such failure of consideration to prove a knowledge thereof on the part of the holder prior to the transfer to him. Revised Statutes 1895, art. 314; Wright v. Hardie, 30 S. W. 675; Sluder v. St. L. Transit Co., 189 Mo. 107, 88 S. W. 653, 5 L. R. A. (N. S.) 186; Johnson County Savings Bank v. Kemp Mercantile Co., 114 S. W. 402. And the court in the fifth paragraph of his charge expressly so instructed the jury. So assuming, it is by no means clear that the evidence is insufficient to authorize an inference of knowledge on appellant's part of the vice in the note.

[2] Appellees' evidence authorizes the conclusion that the note sued upon was given by appellees for the right to engage in the sale of contracts for the "Little Crater Crude Oil Burner Company," which Bybee knew was unauthorized and would not be recognized by the Crude Oil Burner Company;

that within a few days after the execution of the note appellees ascertained the fact from the company that Bybee's contract would not be recognized, and one of appellees at once went to Bybee and sought to procure the return of the note; that Bybee did not do so, but, after having made several ineffectual efforts to sell the note to others, met appellant and stated that he (Bybee) would be unable to pay a note of about $200, made by him and held by appellant, Taylor, and offered to sell him the note in controversy; Bybee assured Taylor that it was "gilt-edged," and Taylor finally offered to surrender Bybee's note for $200 and take the note in controversy, less 10 per cent. discount from its face; Bybee then remarked, "Old man, the note is yours." Bybee testified that Taylor thereupon went off and tried to "fish out of it," but after some inquiry the transaction was closed upon the terms stated and the note transferred, without recourse to Taylor; Taylor surrendering Bybee's $200 note, and for the remainder giving his check, made payable upon the collection of the note in controversy. Appellant did not testify upon the trial, and, while Bybee specifically states that Taylor was without notice of the failure of consideration, we think the jury was not bound to believe him.

While the surrender of appellant's note perhaps constitutes a consideration on appellant's part for the purchase of the note in controversy (Blum v. Loggins, 53 Tex. 136; Herman v. Gunter, 83 Tex. 66, 18 S. W. 428, 29 Am. St. Rep. 632), yet it is not without weight that its value was not shown, that no money was in fact paid, and that there was no explanation of the further fact that appellant took the precaution to make his check payable only after the collection of the note he received from Bybee; and these facts, together with appellant's failure to testify or give any explanation, it seems to us, tend strongly to show that Taylor knew at the time he received the note in controversy that there was some vice therein. The circumstances adverted to at least called for explanation, and seem to shift the burden of proof upon appellant to show that he was without notice of the fraud and failure of consideration pleaded. See the case of Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, and its correction, page 996 of the same volume (58 S. W.). In speaking of the note there under consideration and as against which there was a plea of failure of consideration, our Supreme Court finally say: "If the note was procured by fraud, and if the plaintiff proved that Mrs. Eagar paid value for the note before its maturity, and if there were no facts in evidence tending to show bad faith in the transaction upon her part, or .if the defense arose after the execution of the note, then, in either event, the burden was upon the defendant to show that she had notice of the defense." The necessary implication from this decision is that in cases where, as here, there is fraud in the inception of the note, and there are circumstances in evidence tending to show bad faith in the acquisition of the note by an assignee who sues thereon, that the burden then devolved upon him, instead of the defendant, to show that he had no notice of the defense, notwithstanding he may have acquired it before maturity, and paid something of value therefor,

[3] We think the circumstances hereinbefore referred to were at least sufficient to put upon appellant the burden of showing that at the time he acquired the note in controversy he had no notice of the fraud and failure of consideration pleaded. This he has made no attempt to do, and we therefore conclude that appellant's first, sixth, and seventh assignments of error involving the questions discussed should be overruled.

In view of the conclusions above noted, we find no reversible error in the court's charge, nor in his action in refusing special charges. The evidence of appellees to the effect that at the time of the execution of the note Bybee agreed that it should not be transferred, and that it might be paid with the proceeds of sales of the crude oil contracts, was relevant, we think, to the issue of fraud in the inception of the note in controversy; and the evidence of W. L. Trussell of what occurred between himself and Jackson, the manager of the Crude Oil Burner Company, was admissible as showing the failure of consideration pleaded. Appellant's objections, therefore, to the evidence indicated were properly overruled.

We find no reversible error as assigned, and the judgment is accordingly affirmed.