## MALONE v. NATIONAL BANK OF COMMERCE OF KANSAS CITY, .MO.

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1913. On Motion for Rehearing. Jan. 21, 1914.)

1. EVIDENCE (§ 590*)—INTERESTED WITNESS—WEIGHT OF EVIDENCE.

Testimony of an interested witness cannot be discarded for that reason when there is nothing in his testimony nor in the testimony of any other witness, nor any act of the witness, nor physical fact, which casts doubt or suspicion on the truthfulness thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2439; Dec. Dig. § 590.*]

2. BILLS AND NOTES (§ 497*)—TRANSFER BEFORE MATURITY—EQUITIES.

Where, in an action by an indorsee of certain notes given for the price of machinery, plaintiff showed that it paid value for the notes before maturity, and there were no facts in evidence tending to show bad faith on its part, the burden was on defendant to show that plaintiff had notice of the equities sought to be established in defense.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. § 497.*]

3. BILLS AND NOTES (§ 359*)—TRANSFER—CONSIDERATION—PRE-EXISTING INDEBTEDNESS.

Where plaintiff accepted an assignment of certain notes from the payee in payment of a pre-existing debt, and credited the full value of the notes against such debt, there was a sufficient consideration for the transfer to make plaintiff a bona fide purchaser for value.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 924–936; Dec. Dig. § 359.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by the National Bank of Commerce of Kansas City, Missouri, against W. D. Malone. Judgment for plaintiff, and defendant appeals. Affirmed. Motion for rehearing denied.

W. H. Lipscomb, of San Antonio, for appellant. Swearingen & Ward, of San Antonio, for appellee.

MOURSUND, J. Appellee sued appellant upon two promissory notes for $684 each, both dated April 12, 1911, executed by appellant, payable to the Foote-Roloff Machinery Company, or bearer, alleging that said notes had been transferred before their maturity for a valuable consideration to the Sheffield Gas Power Company of Kansas City, Mo., and that afterwards, before the maturity of either of said notes, the said Sheffield Gas Power Company sold and transferred the same to appellee. Appellee also sought to obtain the foreclosure of a lien upon a certain gasoline engine. Appellant's answer consisted of a general demurrer, a general denial, and a plea that he was induced to sign and deliver said notes by means of certain false and fraudulent representations made by the Foote-Roloff Machinery Company. The court instructed a verdict for appellee—for the debt and for foreclosure of the lien—and upon such verdict entered judgment.

Appellant contends that the evidence was sufficient to sustain a finding of fraud in the procurement of the notes, and that the evidence introduced by appellee upon its claim that it acquired the notes before maturity, for value, and without notice of any defense thereto, was not of such character as to justify the instruction of a verdict in favor of appellee. The objections made to the testimony are: (1) That the only testimony was that of Robinson, an attorney for appellee, and, being an interested witness, the jury could disregard his testimony; (2) that the evidence failed to show that appellee parted with value for the notes; (3) that the testimony did not show the amount paid for the notes, and therefore appellee had not satisfied the burden resting upon it to sustain its plea. An additional objection, not made in the motion for new trial, or stated with the others in the assignment of error, is sought to be made by the third proposition under the assignment, namely, that want of notice could not be shown by merely proving that appellee's attorney had no notice; there being various officials who had charge of appellee's affairs as well as 15 or 20 directors.

The Foote-Roloff Machinery Company of San Antonio, Tex., owed the Sheffield Gas Power Company, of Kansas City, Mo., about $7,000 on open account, while the latter company owed appellee a large sum of money. To partially secure the debt due appellee, the account due by the Foote-Roloff Machinery Company had been transferred to appellee by the Sheffield Gas Power Company. At the request of appellee, its attorney Robinson, in June, 1911, went to San Antonio to get a settlement of the indebtedness owing by the Foote-Roloff Machinery Company to the Sheffield Gas Power Company, and, being unable to collect the claim, compromised with the Foote-Roloff Machinery Company by accepting in settlement of the claim the few engines it had on hand, and some notes and accounts due by people who had bought engines, among the notes being the two sued upon. He delivered the notes to appellee, and reported to appellee and the Sheffield Gas Power Company what he had done. His actions were approved by both parties, and appellee gave the Sheffield Gas Power Company credit upon the debt due by it to appellee for the notes and became the owner thereof. All of this occurred before the maturity of the notes. Robinson, the attorney, testified positively that he never heard of or knew of any defense, counterclaim, or set-off to the notes; that he was assured by the president of the Foote-Roloff Company that the maker of the notes was solvent and would pay them at maturity. W. G. Roloff, president of the Foote-Roloff Company, testified he told Rob-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

162 S.W.—24

inson the notes were all right; that he did not tell him there was any defense to the notes or complaint by the maker, and in fact no complaint had, at that time, been made by appellant. The general manager of the Sheffield Gas Power Company, who had direct charge of all the business and correspondence of said company, testified that he did not know of any defense to the notes, and in fact knew nothing of appellant or the transaction in which the notes were given, until Robinson returned to Kansas City with the notes, and that he did not know that appellant would refuse to pay them until after their maturity. Appellant testified to facts tending to show that he had been induced to give the notes by means of fraudulent representations made by Foote, a member of the firm of Foote-Roloff Machinery Company, and contradicted Roloff's statement that no complaint had been made to him up to the time he delivered the notes to Robinson.

[1] While the testimony was furnished by interested witnesses, there is not the slightest circumstance to raise a doubt as to the truthfulness of the statements made by them, and no verdict for appellant could have been sustained. We cannot agree that, because testimony is furnished by an interested witness, the same can be discarded when there is nothing in such witness' testimony, nor the testimony of any other witness, nor any act on the part of said witness, nor any physicial fact which casts a doubt or suspicion upon the truthfulness of the interested witness' testimony. In this case the existence of the indebtedness due appellee by the Sheffield Gas Power Company, and that of the Foote-Roloff Company to said Sheffield Gas Power Company, is established by witnesses other than Robinson. The fact that the notes became the property of appellee before maturity is established by the general manager of the Sheffield Gas Power Company as well as by Robinson, and by said general manager it is established that the appellee gave the Sheffield Gas Power Company credit upon its debt for the notes, and by Roloff and said general manager, as well as by Robinson, it is further proven that the Sheffield Gas Power Company acquired the notes from the Foote-Roloff Company in a compromise by which they passed absolutely in part payment of an indebtedness due by said Foote-Roloff Company to the Sheffield Gas Power Company. All of said parties testify that these transactions occurred long prior to the maturity of the notes. Robinson's testimony then is only unsupported on the question of notice, and as he never came in contact with appellant,

and it certainly was not to the interest of Roloff to tell him that there was a defense to the notes,' and Roloff swears he did not tell him anything of the kind, there is not a circumstance or a syllable of testimony to cast any doubt upon his testimony on that point.

[2] However, after appellee had shown that it paid value for the notes before maturity, and there were no facts in evidence tending to show bad faith on its part in regard to the transaction, the burden rested upon appellant to show notice, and it failed to even attempt to meet such burden. Prouty v. Musquiz, 94 Tex. 91, 58 S. W. 721, 996.

[3] Appellee gave credit upon the debt due it by the Sheffield Gas Power Company for the notes, and thus became the owner of same. By this we understand that the amount of the notes was credited upon the debt; in other words, appellee gave full value for the notes by accepting them for their face value in part payment of a preexisting indebtedness due it by the Sheffield Gas Power Company. This met the requirements of the law. Kauffman & Runge v. Robey, 60 Tex. 308, 48 Am. Rep. 264; Herman v. Gunter, 83 Tex. 66, 18 S. W. 428, 29 Am. St. Rep. 632; Brown v. Thompson, 79 Tex. 58, 15 S. W. 168; Gaston & Ayres v. J. I. Campbell Co., 104 Tex. 576, 140 S. W. 773, 141 S. W. 515; Rowe v. Gohlman, 44 Tex. Civ. App. 315, 98 S. W. 1079; Staff v. Bank, 97 S. W. 1089.

The judgment is affirmed.

CARL, J., did not sit in this case.

On Motion for Rehearing.

The witness Field, manager of the Sheffield Gas Power Company, testified that the notes sued upon were accepted by his company in part settlement of an open account due said company which had been assigned as collateral to appellee, and that his company received credit from appellee for these notes at the time Mr. Robinson turned them over to appellee. The notes were accepted by appellee in part payment of the indebtedness due it by the Sheffield Gas Power Company. The statement that said company received credit for the notes upon the debt due by it means that the credit was to the extent of the amount due on the notes. If appellant had any doubt concerning the meaning of the witness, further questions should have been propounded. We concluded, and are still of the opinion, that such testimony made a prima facie case of payment of full value.

The motion is overruled.