### DAVIS v. CONVERSE. (No. 7229.)

(Court of Civil Appeals of Texas. Galveston. June 5, 1916. Rehearing Denied June 22, 1916. Further Rehearing Denied Oct. 5, 1916.)

1. BILLS AND NOTES ☞370—HOLDER IN DUE COURSE.

Where P. told C., who desired a loan, that he would negotiate his note, which was done, to a third party, who gave P. her check, payable to C.'s order, receiving C.'s note, the check being later cashed with .C.'s name indorsed on it, but not by him or by his direction, P. having failed to turn the check over, P. was C.'s agent for the negotiation of the note, and the purchaser was an innocent purchaser for value before maturity, title passing to her free from any defenses by

reason of P.'s failure to deliver to C. the money for which the note was negotiated.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 963; Dec. Dig. ⏚370.]

2. BILLS AND NOTES ⏚493(3)—LACK OF CONSIDERATION—BURDEN OF PROOF.

In suit on a note by one who held possession, his ownership not being questioned, the burden was on defendant maker to prove that the holder did not pay a valuable consideration for it, if he sought to defeat such holder's right to recover on the theory that the latter was not a purchaser for value.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–1654, 1656–1660, 1662; Dec. Dig. ⏚493(3).]

3. BILLS AND NOTES ⏚520—FRAUD IN INCEPTION—PROOF.

In an action on a note, where it was shown that the instrument was executed and delivered in good faith to a broker for negotiation, being negotiated and sold for face value and the purchase money paid by the purchaser, the only fraud proved being that of the broker in failing to pay the purchase money over to the maker, fraud in the inception of the note was not proved.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1813, 1832, 1836, 1837; Dec. Dig. ⏚520.]

Error from District Court, Harris County; Wm. Masterson, Judge.

Action by O. M. Davis against Thomas P. Converse. To review a judgment for defendant, plaintiff brings error. Judgment reversed, and judgment rendered for plaintiff.

Elliott Cage, of Houston, for plaintiff in error. W. O. Huggins and Jesse E. Moseley, both of Houston, for defendant in error.

McMEANS, J. Thomas P. Converse, desiring a loan of $500 with which to meet a monthly pay roll, was told by F. E. Pye that if he (Converse) would execute his note for said sum, payable to his own order, he (Pye) would negotiate the same, and bring the money to him (Converse) on the following day. Accordingly, Converse executed his promissory note, of date July 12, 1912, for said sum, payable "to myself," due 30 days from date, and indorsed his name upon the back of it, and then delivered the note to Pye to be negotiated. Pye on the next day went to Mrs. L. Louise Pye and told her that Mr. Converse needed some money to meet his pay roll and asked her if she would accept Converse's note for the amount of $500, to which she assented and gave to Pye her check on the First National Bank of Houston for said sum, payable to the order of Converse; and Pye thereupon delivered Converse's note to her. The check was cashed by the bank, but to whom it was paid the evidence does not show. At the time it was presented to the bank, Converse's name was indorsed on the back of it; but this was not done by Converse, nor by his direction. Converse never received the money, and did not know what had become of his note until it was presented to him for payment by Davis,

who claimed to be the owner of it. He refused to pay it, whereupon Davis brought this suit against him to recover thereon. The case was tried before a jury and upon instructions from the court returned a verdict for defendant Converse, upon which a judgment in his favor was duly entered, and from which Davis has appealed.

We shall not discuss appellant's assignments of error in detail.

Mrs. Pye testified, among other matters, that, after she purchased the note in the manner hereinabove stated, "I gave the note to Mr. Pye to take charge of for me. I do not, of my own knowledge, know what he did with it. Mr. Pye has always handled my transactions for me, and whatever he done was satisfactory with me. The only knowledge I have of what became of the note after I bought it is I gave it to Mr. Pye."

[1] We think that, under the facts stated, Pye was the agent of Converse for the negotiation of the note, and not Mrs. Pye's agent in making the purchase, as appellee contends; that Mrs. Pye was an innocent purchaser for value before maturity, and that upon purchasing the note the title thereto passed to her free from any defenses that arose by reason of Pye's failure to deliver to Converse the money for which it was negotiated; that Pye in making sale of the note to Davis, if it was he who made the sale, was for that purpose Mrs. Pye's agent; and that the purchaser of the note from him as her agent, or from her through any other source, acquired the legal title to the note, freed from any defenses that were not available to the maker as against Mrs. Pye.

[2] The court instructed the jury to render a verdict in favor of Converse upon the theory that it was incumbent upon Davis to prove that he had paid value for the note, and that, as he had failed to make such proof, he was not entitled to recover.

We think that Davis' position is similar to that of a remote indorsee, between whom and the maker there is no privity. Davis sued as the owner of the note and held possession of it as shown by the fact that he produced it in evidence. His ownership was not questioned in the court below, nor here. Being the owner, the presumption obtains that he acquired it for value, and the burden rested upon defendant to prove that he did not pay a valuable consideration for it, if he would defeat plaintiff's right to recover upon the theory that he was not a purchaser for value. Herman v. Gunter, 83 Tex. 68, 18 S. W. 428, 29 Am. St. Rep. 632; Tolbert v. McBride, 75 Tex. 97, 12 S. W. 752.

[3] We cannot agree with the contention of appellee that fraud in the inception of the note was proved. The note was in good faith delivered to Pye, as a broker, for the purpose of negotiation and was negotiated and sold for its face value and the purchase money

paid. The only fraud proved was that of the broker Pye, Converse's agent, in failing to pay the purchase money over to his principal. The principle invoked and the authorities relied upon by appellee to defeat a recovery by a transferee, by reason of fraud in the inception of a transaction, has no application under the facts of this case.

It follows that it is our conclusion that the judgment in favor of Converse was erroneous, and should be set aside, and that judgment should be here rendered for Davis, and it has been so ordered.

Reversed and rendered.