BRITTON v. J. W. CROWDUS DRUG CO. et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 18, 1912.)

1. MORTGAGES (§ 292*)—TRANSFER OF LAND—ASSUMPTION OF MORTGAGE — ADMISSIBILITY OF EVIDENCE.

Where recovery on a note was sought against defendant, alleged to have assumed its payment as part of the purchase price of land bought by him from the makers, and he defended on the ground that the makers had fraudulently represented to him that the land was incumbered only by the deed of trust securing the note, when in fact it was also covered by two vendors' lien notes, the two vendors' lien notes were admissible in evidence, though they described the land as "200 acres out of the N. W. one-fourth of a 3,200-tract conveyed to P. E. G., and the same land conveyed by P. E. G. to J. S. R. by his deed of February 2, 1910," while the land was described in the trust deed and in the deed from makers to defendant as the "south one-half of the north one-half of eight hundred acres of land off of the northwest one-fourth of three thousand two hundred acres of land conveyed to P. E. G., and being the same land conveyed by P. E. G. to J. S. R. by his deed dated the 2nd day of Feb. 1910;" the two descriptions substantially identifying the same land.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 762–771, 790; Dec. Dig. § 292.*]

2. MORTGAGES (§ 292*)—DEFENSES—EQUITABLE RELIEF.

Where the makers of a note falsely represent the incumbrances upon the land sold by them, and induce the purchaser to assume the payment of the note as part of the consideration, he may have an appropriate equitable relief in an action by the holder of the note against him and the makers, especially where he offers in his answer to rescind and alleges that a suit for rescission is pending.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 762–771, 790; Dec. Dig. § 292.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by J. W. Crowdus Drug Company and others against A. G. Britton and others. From a judgment for plaintiffs, defendant Britton appeals. Reversed and remanded.

Eugene 'De Bogory, of Abilene, for appellant. Ben L. Cox, of Abilene, for appellees.

CONNER, C. J. In this suit the J. W. Crowdus Drug Company sued upon a promissory note in the sum of $267.35 made by N. D. Cobb and V. B. Walters, further alleg-

ing that after the execution of the note and before its maturity appellant, A. G. Britton, had purchased of the other defendants a certain tract of land in Hardin county, and as part consideration therefor had assumed the payment of the note sued upon. Appellant, Britton, resisted the recovery as against him on the ground that at the time of his purchase of the Hardin county land Cobb and Walters had falsely represented that the land was free from incumbrances other than that evidenced by a trust deed given to secure the note described in the plaintiff's petition. It was also alleged that the date of the maturity of the note sued upon had been misrepresented; but, inasmuch as it is undisputed that the note was not presented to appellant for payment until after the time he alleges that it was represented to mature, we regard this allegation as altogether immaterial, and therefore will not refer to it further.

The trial resulted in a judgment in favor of the plaintiff in the suit as against all the parties, and in favor of Cobb and Walters over against A. G. Britton, and the latter has appealed.

[1] The only question presenting any difficulty arises over the action of the court in excluding two certain vendor's lien notes in the sum of $125 each, purporting to have been executed by V. B. Walters and creating a vendor's lien upon certain described Hardin county land in favor of one F. W. Howell, the payee in the note. The notes were excluded, as shown by the bill of exceptions, on the grounds, among others, that it did not appear that they were unpaid, or that the land therein described was the same land as that described in the trust deed of the plaintiff.

The description of the land as given in the notes offered is as follows: "200 acres out of the N. W. one-fourth of a 3,200 tract conveyed to P. E. Glenn, and same land conveyed by P. E. Glenn to J. S. Rice by his deed of February 2, 1910." That given in the deed from Cobb and Walters to appellant and in the trust deed to the J. W. Crowdus Drug Company is as follows: "South one-half of the north one-half of eight hundred acres of land off of the northwest one-fourth of three thousand two hundred acres of land conveyed to P. E. Glenn, and being the same land conveyed by P. E. Glenn to J. S. Rice by his deed dated the 2nd day of Feb. 1910."

While differently worded, we think the two descriptions substantially identify the same land. A careful reading of the description given in the trust deed plainly indicates, we think, that the land conveyed by P. E. Glenn to J. S. Rice on the 2d day of February, 1910, was 200 acres, being the S. ½ of the N. ½ of 800 acres off the N. W. ¼ of the 3,200-acre tract of land in the deed re-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ferred to. The vendor's lien notes offered, when carefully read, we think, cover the same 200 acres of land, being apparently the same as conveyed by Glenn to Rice February 2, 1910. So that, in the absence of contradictory evidence, we think the objection that the notes offered did not describe the same land as that of the trust deed and of the deed from Cobb and Walters, wherein Britton had assumed to pay the Travis note, cannot be shown by the record. The further objection that it did not appear that the notes offered had been paid would seem to be unavailing, in view of appellant's offer, as shown by the bill of exception, to so prove.

[2] Appellant's obligation to the J. W. Crowdus Drug Company arose only by virtue of his assumption of payment contained in the deed of Cobb and Walters to him. See Brannin et al., Executors, v. Barton M. Richardson, No. 7,365, 148 S. W. 348, recently decided by us. And if, in truth, at the time the land was conveyed to him Walters fraudulently represented, as appellant alleges, that the land for which the assumption in part was a consideration was entirely free of liens, other than that created as security for the J. W.'Crowdus note assumed, and that the notes offered in evidence, as was alleged, were unpaid and constituted unsatisfied vendor's liens upon the same land, equity will extend to appellant appropriate relief; particularly is this true in view of appellant's offer in his answer to rescind, and of his further allegation that an appropriate suit for rescission had been instituted and was pending in the district court. See Brown v. Montgomery, 89 Tex. 250, 34 S. W. 443.

We conclude that the judgment must be reversed, and the cause remanded as against all parties for the error discussed.