### CHENEY R. PROUTY v. RAFAEL MUSQUIZ.

No. 927. Decided October 22, 1900.

**1. Negotiable Instrument—Parol Assignment.**

Article 307, Revised Statutes, places the holder of a negotiable instrument by an assignment not in writing upon the same footing as an indorsee at common law. (Pp. 90, 91.)

**2. Same—Notice—Burden of Proof.**

If the plaintiff in a suit upon a promissory note which was procured by fraud proved that a previous assignee by parol paid value for the note before its maturity, and if there were no facts in evidence tending to show bad faith in the transaction, or if the defense arose after the execution of the note, then, in either event, the burden was upon the defendant to show that such assignee had notice of the defense. (Pp. 91-93.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Fourth District, in an appeal from Maverick County.

*Winchester Kelso* and *Clark, Ball & Fuller*, for appellant.—The note in question, being payable to the order of James Riddle, for a valuable consideration was transferred to Sarah E. Eager, before maturity, without indorsement, but simply by delivery. Mrs. Eager after its maturity assigned it, by indorsement in writing, to Rafael Musquiz. The maker, C. R. Prouty, had defenses against said note, if in the hands of James Riddle, in the nature of discounts and set-offs. Under this state of facts, which for the purposes of this argument upon the certified question, we treat as true, the position of appellant is, that the burden of proof was on Mrs. Eager to show three things before she could recover as against the offsets: (1) She must show that the note was delivered by parol assignment before maturity. (2) That she paid a valuable consideration therefor. (3) That she had no notice of the defenses by appellant against said note.

It is decided in the case of Word v. Ellwood, 37 Southwestern Reporter, 965, that the defenses permitted by article 307, Revised Statutes, are available to any bona fide transferee before maturity, whatever the form of the transfer, and whether it be written or verbal. Said article 307 provides, that if the assignee should obtain such instrument before its maturity, by giving for it a valuable consideration, and without notice of any discounts or defenses against it, then he shall be compelled to allow only the just discounts against himself. It occurs to us that the language in this statute has an important bearing upon the question at issue. By its natural reading the burden is put upon the assignee to show that such instrument was obtained before its maturity, by giving for it a valuable consideration, and without notice of any discounts or defenses against it, before the assignee can defeat such defenses. If the Legislature had intended that the burden should be upon the maker, they would have expressed such intent in different language. The natural way to express such a rule as to the burden of proof would have been, "but should he obtain such instrument before its maturity, without giving for it a valuable consideration, and with notice of any discounts or defenses against it, then he shall be compelled to allow the just discounts against himself, as well as any discounts or defenses against the maker." If the statute read this way, it would put the burden of proof upon the maker; but it reads in the reverse order, and requires that such an instrument, in the hands of an assignee, must appear to have been acquired before maturity by giving for it a valuable consideration, and without notice of any discounts and defenses against it, in order to enable such assignee to defend against such discounts and defenses. An indorsee and holder by written indorsement complies with this burden by the production of the note with the written indorsement, because under the law he is presumed to have acquired it for value, before maturity, and without notice of any failure of consideration. Blum v. Loggins, 53 Texas, 121; Herman v. Gunter, 83 Texas, 68. But an indorsee holding by parol is aided by no such presumptions, and he must, by proof adduced upon the witness stand, show his right of recovery. This, to our mind, clearly puts the burden upon the assignee to bring himself within the purview of the statute. While, under the case cited of Word v. Elwood, an assignment may be made by parol and the assignee brought within the provisions of said statute, still it is settled that when such an instrument is negotiated by mere delivery, without indorsement, that the equitable title only passes. 4 Am. and Eng. Enc. of Law, 2 ed., 252.

The statute in question has been the law since 1840. In the case of Ross v. Smith, decided by Chief Justice Hemphill, 19 Texas, 171, we find that a note payable to order was transferred by delivery only. In that case the learned judge says: "The only question is, whether the possession of such instrument will authorize the holder to bring suit, or whether he must prove the fact of delivery or transfer, for a valuable or other sufficient consideration. It seems clear that he must prove

that he came honestly and for a sufficient consideration into possession. Where the legal right to the debt secured by a negotiable note passes by delivery, the law, for the benefit of commerce, has recognized the property as passing with the possession, and that possession is, consequently, prima facie evidence of title. But this is an exception to the rule by which property is proved in personal chattels, and does not extend to the possession of notes which are not negotiable."

In the case of Davis v. Sittig, 65 Texas, 500, the court uses the following language: "They further show that Alfred N. Lewis, after the note was lost but before its maturity, transferred his interest therein to Charles A. Lewis, who is not shown to have paid value therefor, and that he, after maturity of the lost note, transferred it to the appellee. The court below properly held that, under the existing facts, the note was subject to any defenses which could have been urged against it in the hands of the person to whom it was made payable. The note was negotiable in form but was not transferred by indorsement, as is necessary to pass the legal title to such paper. It was not in the possession of the party to whom it was made payable, nor is it shown that the person to whom it was assigned before maturity ever paid value therefor. It is well settled that under such facts it came into the ownership of the plaintiff subject to all defenses which the maker of it could urge against it were it yet in the hands of Alfred N. Lewis, and that he stands charged with notice of the facts which attended its execution."

These two cases undoubtedly establish that our courts treat a parol assignment as passing the equitable title only, notwithstanding the statute above referred to. They also show that the holder of a note negotiable in form, but not indorsed, is required to assume the burden necessary under the statute to show his right to recovery. It will be observed that Judge Stayton, in the case of Davis v. Sittig, lays particular stress upon the fact that it was not shown that the holder paid value for the note,—clearly and unmistakably showing that such burden was upon him. It was not necessary, under the facts in that case, to discuss the question of notice, but our statute requires of the holder, in the same clause enjoining upon him to show that he gave a valuable consideration for the note, that he shall also show he acquired it without notice of discount or defenses against it. We do not see how it could be well held, in view of the language used in that statute, that the burden was upon the holder to show, under such circumstances, that he paid a valuable consideration therefor, but that the burden would be upon the maker to show that he had notice of discounts or defenses. Both conditions are named in the statute, and they must concur in order to be available. He must show both the payment of a valuable consideration and a want of notice of discounts or defenses. Not having the legal title, no presumption exists in his favor. Asserting a right to recover in equity, he must assume the burden of showing ownership and the right of recovery, unassisted by presumptions. It

is a rule of equity that, if peculiar knowledge is possessed by one party of the evidentiary facts, which the other party claims were not brought forward, tending to sustain the claim of the latter, and if the party possessed of such knowledge fails to bring forward the facts, a presumption arises against him. It must be conceded that whether or not Mrs. Eager had notice of the discounts or defenses of Prouty was a matter peculiarly within her knowledge, and the rule, we insist, is, that upon her failure to prove the want of knowledge, a presumption would arise that she had such knowledge. Runkle v. Burnham, 153 U. S., 216; Graves v. United States, 150 U. S., 118.

The burden is upon him who best knows the facts. Ryan v. Railway, 65 Texas, 19. When, in connection with this, it is taken into consideration that the note upon its face showed no title in Mrs. Eager, and she took only the equitable title upon proof of parol delivery, it seems clear to us that the proper rule is that the burden is upon her to prove that she procured the note without notice of defenses. Loan Co. v. Taylor, 88 Texas, 47; McAlpine v. Burnett, 23 Texas, 650; Twohig v. Brown, 85 Texas, 51.

*J. R. Sanford* and *W. C. Douglas*, for appellee.—That legal title to a note payable to order passes by delivery: Rev. Stats., art. 307; Word v. Elwood, 37 S. W. Rep., 414 (construing statute).

In a suit by an assignee of a negotiable instrument the defendant must allege notice of his defense to the paper and has the burden of proving same. 14 Enc. of Pl. and Prac., 641; Gee v. Saunders, 66 Texas, 333; Malsch v. Heller, 37 S. W. Rep., 384; Herman v. Gunter, 18 S. W. Rep., 428; Wright v. Hardie, 30 S. W. Rep., 675; Rische v. Bank, 19 S. W. Rep., 610.

The question upon whom the onus probandi rests in the first instance is usually determined by the state of the pleadings: 5 Am. and Eng. Enc. of Law, new ed., 25, note 1.

GAINES, Chief Justice.—This case comes to us upon a certificate showing the following statement and question:

"A negotiable promissory note executed by Cheney R. Prouty to James Riddle, payable to the latter's order, was transferred by the payee before maturity for valuable consideration to Sarah E. Eager, by delivery only,—that is to say by parol delivery without indorsement. Mrs. Eager assigned it to Rafael Musquiz. The above is a theory of fact presented by the record material to the case.

"In such case, is the burden of proof upon Musquiz, the holder of the note, to show that Mrs. Eager had no notice of the maker's defenses, discounts, or set-offs, against the note, or was the burden upon Prouty, the maker, to show that she had such notice when she acquired the note?"

Article 307 of our Revised Statutes is as follows: "Any person to whom any of the said negotiable instruments may have been assigned,

may maintain any action in his own name which the original obligee or payee might have brought; but he shall not only allow all just discounts against himself, but, if he obtained the same after it became due, he shall also allow all just discounts against the assignor before notice of the assignment was given to the defendant; but should he obtain such instrument before its maturity, by giving for it a valuable consideration, and without notice of any discount or defense against it, then he shall be compelled to allow only the just discounts against himself." This statute was construed by this court in the case of Word v. Ellwood, 90 Texas, 130, and it was there held that "the form of the transfer, whether written or verbal, is immaterial," and that "the statute extends its protection to all assignees coming within its terms, though they may not have acquired their instruments in accordance with the technical rules regulating transfers under the law merchant." The holder of a negotiable instrument by an assignment not in writing being placed upon the same footing as an indorsee at common law, it follows that the rule of the commercial law must determine the question unless it should be held that there is something in the language of the statute to indicate a purpose to change that rule. In Wright v. Hardie, 88 Texas, 653, construing article 314 in reference to the burden of proof in case of a plea of a want or failure of consideration, we held that the language made it plain that the intent of the Legislature was that when the plaintiff showed that he had paid value, the onus was upon the defendant to show notice on his part. So in Tillman v. Heller, 78 Texas, 597, it was held that the statute in relation to the transfer of property in fraud of creditors indicated the order in which the burden of proof should shift in a case between the creditor and one claiming to be an innocent purchaser for value. But in McAlpin v. Finch, 18 Texas, 831, the court, in construing article 2521 of Hartley's Digest, which is the same as article 307 of the Revised Statutes quoted above, say: "But we do not understand the statute as affecting or as intended to affect the question of the burden of proof." The court in that case further hold that it is only in case of fraud or illegality in the inception of the note that the burden is upon the plaintiff to show that he or some one under whom he claims had paid value for the paper before maturity. Again, in Blum v. Loggins, 53 Texas, 121, Chief Justice Moore, quoting with approval the doctrine announced in Daniels on Negotiable Instruments, section 814, says "that 'mere possession of a negotiable instrument produced in evidence by the indorsee or assignee when no indorsement is necessary imports prima facie that he acquired it bona fide for full value in the usual course of business before maturity, and without notice of any circumstance impeaching its validity,' and that he, as the owner, is entitled to recover against the maker, notwithstanding there might be a good defense to the instrument against the payee. To let in a defense by the maker against the assignee, the maker must first prove that there was fraud or illegality in the inception of the instrument, or show circum-

stances which raise a strong suspicion of fraud or illegality. When this is done, it will devolve upon the holder to show that he 'acquired the instrument bona fide for value in the usual course of business, while current, and under circumstances which create no presumption that he knew the facts which impeach its validity.' " It is the policy of the law merchant to promote the negotiability of commercial paper, and, for this reason, it is held that as to defenses not involving fraud in the execution or uttering of such paper, the burden, as a rule, is upon the defendant to show that the plaintiff acquired the paper either without paying value or that he had notice of the defense. But for the suppression of fraud, it is held in cases involving that element in the inception of the instrument, and sound policy dictates, that in order to avoid the defense, the plaintiff, when the fraud is shown, should prove that he obtained the paper before maturity in good faith and for a valuable consideration. But as to the question how far the plaintiff is to go in order to show good faith, the authorities seem not to be in full accord. The weight of authority as we think is, however, that when he has shown that he has paid value in the usual course of business and the circumstances attending the transfer cast no suspicion upon the fairness of his intent, he need go no further, and it then devolves upon the defendant to show notice to him in order to defeat a recovery. This seems to be based upon the theory that proof by the plaintiff that he has paid value under such circumstances raises a presumption of good faith which the defendant is called upon to rebut. Such we understand to be the doctrine laid down by the text-writer previously mentioned (1 Daniel, Negotiable Instruments, section 819) ; and is the doctrine which, in our opinion, is supported by the prevailing weight of authority. Bank v. Dawson, 78 Ala., 67 ; Battles v. Laudenslager, 84 Pa. St., 446 ; Johnson v. McMurry, 72 Mo., 278 ; Davis v. Bartlett, 12 Ohio St., 541 ; Smith v. Livingston, 111 Mass., 342 ; Bank v. Diefendorf, 25 N. E. Rep. (N. Y.), 405. See also Byles on Bills, 124.

The brief of appellee indicates that the facts alleged in bar of a recovery arose after the execution of the note, and that the defense was not on account of fraud in its inception. If the certificate had so shown, an answer would not have been difficult. But the statement and question, as shown by the certificate, are very general, and to them we are confined. We therefore answer hypothetically.

If the note was procured by fraud, and if the plaintiff proved that Mrs. Eager paid value for the note before its maturity, and if there were no facts in evidence tending to show bad faith in the transaction upon her part, or if the defense arose after the execution of the note, then, in either event, the burden was upon the plaintiff to show that she had notice of the defense.

CORRECTED OPINION.

GAINES, CHIEF JUSTICE.—Our attention has been called to the fact that in our opinion filed in this case a mistake was made in the answer to the question certified. In course of that opinion, we say: "The weight of authority as we think is, however, that when he has shown that he has paid value in the usual course of business and the circumstances attending the transfer cast no suspicion upon the fairness of his intent, he need go no further, and it then devolves upon the defendant to show notice to him in order to defeat a recovery." There is nothing said by us in the discussion to indicate that we intended to hold contrary to the weight of authority, and it is therefore evident that our purpose was to answer that the burden was upon the defendant to show notice when the plaintiff had proved that he procured the paper for value before maturity and under circumstances creating no suspicion of bad faith on his part. The mistake was the mistake of the writer, and it was not discovered by his associates when the opinion was read to them for approval.

It is proper that the mistake should be rectified, and therefore, of our own motion, we order that the specific answer given in our former opinion be set aside, and that in lieu thereof the following answer be certified to the Court of Civil Appeals for the Fourth Supreme Judicial District for their observance: "If the note was procured by fraud, and if the plaintiff proved that Mrs. Eager paid value for the note before its maturity, and if there were no facts in evidence tending to show bad faith in the transaction upon her part, or if the defense arose after the execution of the note, then, in either event, the burden was upon the defendant to show that she had notice of the defense."

Filed November 12, 1900.