BRANNIN et al. v. RICHARDSON et al.†

(Court of Civil Appeals of Texas. Ft. Worth. March 30, 1912. Rehearing Denied May 18, 1912.)

1. BILLS AND NOTES (§ 497*)—ACTIONS—BURDEN OF PROOF.

Usually, where it is shown that plaintiff has acquired a negotiable instrument before maturity for valuable consideration, the burden is on the maker to show that the plaintiff had notice of any defense which is sufficient to defeat a recovery on such instrument, either in whole or in part.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1675–1687; Dec. Dig. § 497.*]

2. BILLS AND NOTES (§ 370*)—BONA FIDE PURCHASERS—VENDOR'S LIEN NOTES.

A purchaser of land, who executed vendor's lien notes for the price, conveyed the property, and his grantee assumed the notes. Before payment was due, part of the property, the title to which the original grantor had warranted, was taken under title paramount. Held, that a bona fide purchaser of the vendor's lien notes before maturity and for value, without notice, could only recover from the second grantee a sum in proportion to the remaining land; for, while Rev. St. 1895, art. 307, provides that a purchaser of a negotiable instrument for value before maturity, and without notice, takes free from the equities between the parties, the second grantee of the land was not a party to the note, and only assumed payment as consideration for the transfer of the land.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 863, 864; Dec. Dig. § 370.*]

Appeal from District Court, Eastland County; Thomas L. Blanton, Judge.

Action by L. E. Brannin and others, as executors of the last will and testament of L. B. Rivers, deceased, against Barton M. Richardson and others. From the judgment, plaintiffs appeal. Affirmed.

J. J. Butts, of Cisco, for appellants. Spann & Alford, of Rising Star, for appellee A. B. Teston.

CONNER, C. J. L. E. Brannin and C. P. Brannin instituted this suit against Barton M. Richardson, Catherine Richardson, A. B. Teston, and E. L. Teston to recover upon a number of vendor's lien notes, alleged to have been acquired by L. B. Rivers, deceased, of whose will the plaintiffs had been duly appointed executors. There was a prayer for foreclosure of the vendor's lien upon the land

described in the petition, and for which, it was alleged, the notes had been given in part payment. E. L. Teston was dismissed from the suit, and the trial resulted in a judgment for plaintiffs against A. B. Teston for the sum of $250.40, with a foreclosure of lien upon the land described in the petition, and the plaintiffs have appealed.

The trial was upon an agreed statement of the facts, from which it appears that on the 2d day of October, 1906, one W. C. Dawdy, in consideration of $400 in cash paid by Barton M. Richardson and the execution by said Barton Richardson and his wife, Catherine Richardson, of the notes herein sued upon and of one other note for the sum of $160, sold and conveyed to the said Richardson the land described in the plaintiff's petition. The deed of conveyance to Richardson contained the usual general warranty clause, and retained the vendor's lien upon the land therein conveyed to secure the payment of the notes. On the 9th day of October, 1906, W. C. Dawdy, for a valuable consideration then paid by L. E. Brannin, one of the plaintiffs herein, and who was then and there acting as the agent of and for L. B. Rivers, sold and assigned all of the said notes to said L. B. Rivers, said assignment being in writing and duly acknowledged, and conveyed to L. B. Rivers all the title and interest of W. C. Dawdy to said lands, as well as to said notes. On the 19th day of October, 1906, Barton M. Richardson and Catherine Richardson, in consideration of the payment to them of the sum of $422.26 by A. B. Teston and the assumption by Teston of the payment of the notes herein sued upon, as well as of said note for $160, sold and conveyed to said A. B. Teston the land described in the plaintiffs' petition, and that had been sold to the Richardsons by Dawdy; this deed also containing the usual covenants of warranty. Teston on the same day paid to L. E. Brannin, as the agent of L. B. Rivers, the $160 note which is not involved in this suit. Thereafter, in July, 1907, the Waples-Platter Grocer Company instituted suit in the district court of Eastland county against A. B. Teston and others to recover the Thomas Benson survey of land, of which the land conveyed by W. C. Dawdy to the Richardsons and by the Richardsons to the defendant A. B. Teston was a part. L. E. Brannin owned a part of the Benson survey at the time, and was made a party to and defended in the suit, as did also A. B. Teston. Other parties claiming to be the heirs of Thomas Benson intervened in the suit. Appellee A. B. Teston, as stated, contested the claim of the opposing parties; but the trial resulted in a judgment in favor of the plaintiffs and interveners in that suit for all of the land so purchased by Teston, excepting $133/360$, and this judgment has never been set aside.

It is agreed that at the time of the sale of the notes in controversy by Dawdy L. B. Rivers took them without any notice of any defect in the title to the land for which they were given, further than she could in law be charged with by reason of the execution and record of the deed from Dawdy to Barton M. Richardson and from the Richardsons to A. B. Teston and the recitations in the note; but the agreement is silent as to whether the plaintiff L. E. Brannin, as agent for L. B. Rivers, had or had not notice of any defect of title in the land; the agreement in this respect being: "In the purchase of the said notes herein sued upon, the plaintiff L. E. Brannin, as agent of L. B. Rivers, acted for and on behalf of the said L. B. Rivers, and the said L. B. Rivers was not a bona fide purchaser of said notes, unless the said L. E. Brannin would have been a bona fide purchaser thereof, had he purchased them for himself and on his own behalf."

[1, 2] The judgment for $250.40 against appellee Teston amounts to but $133/360$ part of the total sum assumed by Teston in the deed from the Richardsons to him, and the complaint of the judgment is that the appellants and plaintiffs below were entitled, under the agreed facts, to a judgment for the total amount; the contention in behalf of appellants being that L. B. Rivers was an innocent purchaser for value of the notes in controversy, and therefore took them by virtue of article 307 of our Revised Statutes, free of Teston's defense of a partial failure of the consideration for which they had been executed. Appellee, on the other hand, contends that the recitations of the deeds and notes referred to affected Rivers with notice of the defect in title, by reason of which Teston later lost the greater part of the land purchased by him.

We are not inclined to hold that the mere fact that the notes by their recitations informed Rivers of the fact that they were given for certain lands therein described and described in the deed to which they refer is sufficient to affect him with notice of the defect of title shown. Ordinarily, when it is shown that a plaintiff has acquired a negotiable instrument before maturity, paying a valuable consideration therefor, the burden is on the defendant to show that the plaintiff has notice of the defense that is sufficient to defeat such instrument in whole or in part. Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, 996. It may be, therefore, doubted whether the agreed facts show that appellee discharged the burden of proof resting upon him. But we need not determine this question, for the reason that we think the judgment must be affirmed on another ground. Appellee was not a maker of or party to the notes sued upon. His liability to L. B. Rivers depended solely upon his assumption of the payment of the notes in the deed from the Richardsons to him. This promise, or obligation, was to Richardson, and not to Rivers, who had become the owner of the notes prior to Teston's assumption to pay them; and, while it is well settled under the authorities that

the owner of an obligation so assumed may avail himself of the assumption, yet it is not such an obligation as falls within the article of the statute cited. As between appellee Teston and the Richardsons, it can scarcely be doubted that appellee could avail himself of the failure of consideration shown, and we think L. B. Rivers and appellants, as her legal representatives, are in no better attitude.

We conclude that the judgment should be affirmed.