CALFEE v. BRYANT. (No. 1588.)

(Court of Civil Appeals of Texas. Texarkana. March 16, 1916. Rehearing Denied March 23, 1916.)

1. TRIAL ☞343—VERDICT—CONSTRUCTION.

In an action on drafts given in payment for goods bought, where the court instructed for defendant that if plaintiff was not the owner of the drafts sued upon, or if he acted with the seller in defrauding defendant, a verdict for defendant involved findings against plaintiff on each of such issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. ☞343.]

2. BILLS AND NOTES ☞497(2)—ACTIONS—EVIDENCE—BURDEN OF PROOF.

In an action by the transferee of drafts given by defendant for the purchase price of goods, evidence that the transferor defrauded the defendant in the sale placed upon the transferee the burden of proving that he took the drafts before maturity in good faith and for a valuable consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1676, 1677, 1686, 1687; Dec. Dig. ☞497(2).]

3. BILLS AND NOTES ☞525 — ACTIONS — EVIDENCE — BONA FIDE OWNERSHIP — SUFFICIENCY.

In an action by the transferee of drafts given in payment for goods bought, evidence *held* not to support a finding that plaintiff was not a bona fide purchaser of the drafts.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1832–1839; Dec. Dig. ☞525.]

Appeal from Hopkins County Court; Dan R. Junell, Judge.

Action by J. S. Calfee against C. W. Bryant. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

Appellee, a merchant at Como, Tex., bought certain jewelry of the National Novelty Import Company, a merchant at St. Louis, Mo., and accepted drafts drawn on him by that company for the amount of the purchase price thereof. The drafts were five in number, were dated January 24, 1914, and were for $59.20 each, payable to the order of the import company. Appellant claimed that on February 21 or March 6, 1914, the import company sold and indorsed and delivered the drafts to him. Two of them, when they became due, were paid by appellee to appellant. The suit was by appellant on the other three, payable, respectively, in seven, nine, and twelve months from their date. The defenses interposed by appellee: (1) That appellant was not the owner of the paper, but was holding same for the import company; (2) that the consideration for appellee's promise had failed; and (3) that appellee was induced to buy the jewelry and accept the drafts as the result of fraud practiced upon him by the import company's selling agent. The trial resulted in a verdict and judgment in appellee's favor.

T. J. Flewharty and R. B. Keasler, both of Sulphur Springs, for appellant. R. D. Allen, of Sulphur Springs, for appellee.

WILLSON, C. J. (after stating the facts as above). We do not think the action of the court made the basis of the first assignment, in overruling the objection to a question propounded to appellant as a witness, which he refused to answer, was error. The question was not an improper one, in view of the issues made by the pleadings, and appellee had a right to ask it.

[1] In his charge, the correctness of which appellant did not question in the court below and does not question here, the court instructed the jury to find for appellee if they believed appellant was not the owner of the drafts sued upon, or if they believed he "acted together with the National Novelty Import Company or O. P. Blackstad (its president), or either of them, in defrauding" appellee; and to find for appellant if they believed he purchased the drafts, "paying therefor a valuable consideration, before maturity thereof, without any knowledge of any defense" of appellee to same. The verdict involves findings against appellant on each of those issues. The disposition which should be made of the appeal depends upon whether there was testimony to support such findings, or any of them, or not.

[2-3] The contract covering the sale and purchase of the jewelry was in writing. It was not copied in full in the record sent to this court, but, from a brief of it given there, it appears that the jewelry consisted of "many hundreds of articles," that appellee was to pay $296 for same, that the import company "warranted" the goods and agreed that appellee might exchange any of same for other jewelry it handled, and further agreed to make and deliver to appellee a bond to secure him in the performance by it of its undertaking. The bond was afterwards delivered to appellee.

Appellee and appellant, each testifying in his own behalf, were the only witnesses. Appellee testified that he was induced by representations made to him by the import company's selling agent as to the quality of the jewelry, which proved to be false, to buy same. But he further testified that he "could not say that all the jewelry was bad," and that in every instance when he complained to the import company about particular pieces of the jewelry, because they were not as it had represented and warranted them to be, the company promptly, as it had agreed to do, replaced such pieces with

others. If this testimony should be construed as sufficient to support a finding that the import company practiced fraud on appellee, its effect, it seems from the ruling made by the Supreme Court in Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, 996, would be to place upon appellant the burden of proving that he obtained the drafts sued upon before the maturity thereof, in good faith and for a valuable consideration. Appellant by deposition testified to facts showing he did that; and, unless it should be said that there was testimony tending to show to the contrary, the judgment should have been in his favor. Appellee insists there was testimony tending to show that the import company, and not appellant, was the owner of the drafts, and, if appellant was the owner, that he was chargeable with notice of defenses, he had a right to interpose to a suit by the import company on the drafts. The facts established by testimony relied upon to support this contention are consistent, we think, with appellee's claim that he was a bona fide purchaser, and are not alone sufficient to support a finding to the contrary. Perhaps the most favorable view which could be taken of them, in support of appellee's contention, is that they justified a doubt as to whether appellant was the owner of the drafts, and, if he was, whether he was a bona fide owner.

The judgment will be reversed, because without evidence sufficient to support it; and the cause will be remanded for a new trial, because the record indicates that other testimony on the issues referred to may be procurable.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes