ed by the Court of Civil Appeals (195 S. W. 880), and plaintiff brings error. Affirmed.

Thos. H. Ball, of Houston, for plaintiff in error.

Fisher, Campbell & Amerman, of Houston, for defendants in error.

PHILLIPS, C. J. The main question in this case is that determined in Red River National Bank v. Ferguson, 206 S. W. 923. The case is accordingly ruled by that decision.

The judgments of the District Court and Court of Civil Appeals are affirmed.

---

FIRST NAT. BANK OF BRIDGEPORT v. AIKEN et ux. (No. 3076.)

(Supreme Court of Texas. Dec. 2, 1918.)

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by the First National Bank of Bridgeport against W. J. Aiken and wife. Judgment for plaintiff by default was reformed and affirmed by the Court of Civil Appeals (198 S. W. 1017), and plaintiff brings error. Affirmed.

McMurray & Gettys, of Decatur, and H. E. Lobdell, of Bridgeport, for plaintiff in error.

Bumpass & Crumbaugh, of Terrell, for defendants in error.

PHILLIPS, C. J. This case is ruled by the decision in Red River National Bank v. Ferguson, 206 S. W. 923, the question presented being the same.

The judgment of the Court of Civil Appeals is affirmed.

---

POPE v. BEAUCHAMP et al. (No. 25–2647.)

(Commission of Appeals of Texas, Section B. Dec. 11, 1918.)

1. VENDOR AND PURCHASER ☞253 — VENDOR'S LIEN—NATURE.

The vendor's lien reserved by a purchase-money note is substantially a mortgage.

2. LIS PENDENS ☞24(3)—NOTICE—PERSONS CHARGED—VENDOR'S LIENHOLDER.

Vendor's lien reserved by ·purchase-money note being substantially a mortgage, purchaser of the note is, as to the lien, charged with notice of recorded lis pendens in suit to cancel conveyances for fraud.

3. LIS PENDENS ☞17 — DESCRIPTION OF LAND.

Lis pendens notice required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6837, to contain "a description of the land affected," held, in view of description in deeds and petition, to sufficiently identify the land by its description.

4. LIS PENDENS ☞18—WHEN EFFECTIVE—FILING AND INDEXING.

To render lis pendens notice effectual, it need not be indexed by the clerk as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6838; it being expressly provided by article 6840 that it shall be effective from time of its filing.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by J. B. Pope against D. M. Beauchamp and others to recover on a note and to foreclose a vendor's lien. Judgment for plaintiff for part of the relief asked was, on appeal by plaintiff to the Court of Civil Appeals (159 S. W. 867), affirmed in part, and in part reversed and remanded, and writs of error were granted to plaintiff and defendant J. L. Rutherford. Reversed, and judgment of trial court affirmed.

V. K. Wedgworth, of Ft. Worth, for plaintiff in error.

R. T. Wilkinson, of Mt. Vernon, and Owsley & Owsley, of Denton, for defendants in error.

Statement of the Case.

MONTGOMERY, P. J. On the 17th day of January, 1910, J. L. Rutherford was the owner of the Delgado survey in Titus county, Tex., and on that day C. T. Wright, by means of certain fraudulent representations, procured from J. L. Rutherford a conveyance of said land, to him. Rutherford's deed to Wright recited that he had received in payment therefor two vendors' lien notes executed by one G. P. Holford to C. C. Hutcherson. Without ·going into the details of this transaction, it is sufficient to say that the notes were worthless, and while they purported to be secured by a vendor's lien on certain lands in El Paso county, Tex., no such lands in fact existed. The fraud of Wright was found by both the trial court and the Court of Civil Appeals, 159 S. W. 867. After procuring said deed, on the 20th day of January, 1910, C. T. Wright made a warranty deed conveying the land to D. M. Beauchamp, reciting a cash consideration of $7,000 and the execution of three notes, one for $3,000 due January 20, 1911, and two for $2,000 each, due January 20; 1912 and 1913, respectively.

In fact, Beauchamp did not pay the $7,000 cash, but at Wright's suggestion signed the notes and gave them to him. Beauchamp evidently had knowledge of the fraud, or at least is not in the attitude of an innocent purchaser in good faith. After receiving said notes from Beauchamp, Wright, by written transfer, conveyed the same, together with the vendor's lien, to J. W. Maxwell. This transfer is dated January 20, 1910, but according to the testimony of Maxwell, which is not disputed, the transfer was actually made, acknowledged, and delivered about February 12, 1910. This transfer was filed for record on the 20th day of September, 1910. On March 31, 1910, J. W. Maxwell, by written transfer, conveyed. the $3,000 note and one of the $2,000 notes executed by Beauchamp to Wright to Mrs. Dora Stephens, and this instrument was filed for record July 11, 1910. On October 1, 1910, Stephens and wife, by written transfer, conveyed an undivided one-fifth interest in said $3,000 note to V. K. Wedgworth, his attorney; the consideration being to pay Wedgworth for services to be rendered in collecting said note. This transfer was filed for record October 31, 1910. On December 15, 1910, Wedgworth borrowed from plaintiff in error J. B. Pope, the sum of $1,500 and executed to him a note

for the amount due one year after date. On December 16, 1910, Mrs. Dora Stephens, joined by her husband at the instance of Wedgworth, for a recited consideration of $350 and a conveyance by Wedgworth to Stephens of 20 acres of land valued at $1,700, conveyed the $3,000 note to the plaintiff in error, J. B. Pope.

The Court of Civil Appeals finds that this note was conveyed to Pope by direction of Wedgworth in order that Pope might hold the same as collateral security to the note given by Wedgwortn to Pope for the $1,500 borrowed, and the evidence also conclusively shows that Pope accepted such security, and after receiving the same paid to Wedgworth the $1,500.

There was no contention in the case that Maxwell was in the attitude of an innocent purchaser for value of the note, but the contention is that Stephens and wife, Wedgworth, and J. B. Pope were all innocent purchasers for value and without any notice of the fraud of Wright.

On the 22d day of January, 1910, being only five days after the execution of the deed by Rutherford to Wright, Rutherford filed suit in the district court of Titus county, Tex., against Holford, Hutcherson, and Wright to cancel the deed executed by Rutherford to Wright, and to recover the M. V. Delgado survey, being the same land conveyed by Rutherford to Wright, and on the 24th day of January, 1910, Rutherford filed an amended petition making Will C. Geers and D. M. Beauchamp parties to the suit, and at the same time procured to be issued in said cause a writ of injunction restraining Wright and Geers from disposing of the notes executed by Beauchamp, and on the 24th day of January, 1910, filed in the office of the district clerk of Titus county a notice of lis pendens showing the pendency of said suit. On the 11th day of October, 1910, judgment was rendered in said cause for Rutherford for the land and canceling the deed which he had executed to Wright and the deed from Wright to Beauchamp, and revesting in him the title and possession of the land. This suit was instituted by J. B. Pope on February 1, 1911, as the assignee of the $3,000 note above referred to, against D. M. Beauchamp as maker, and J. W. Maxwell and C. T. Wright as indorsers, and also making J. L. Rutherford a party. Judgment is asked against D. M. Beauchamp as maker and Maxwell and Wright as indorsers, for the amount of the note, with interest and attorney's fees, and for foreclosure against all of the defendants. The petition alleges that the defendant J. L. Rutherford is asserting some right to the premises adverse to the plaintiff. All the defendants were served except Wright, and the plaintiff entered a nonsuit as to him. Rutherford answered, among other things, by pleading fraud by which Wright secured from him the deed referred to in these findings, and in addition thereto set up the entire proceeding in the case of Rutherford v. Wright and Others in Titus county, and pleaded the judgment in that case as a bar to the plaintiff's suit in so far as it sought a foreclosure against him. He also pleaded the filing of the lis pendens notice in said suit.

The case was tried in the district court by a jury, and on a verdict of the jury the court rendered judgment in favor of the plaintiff, J. B. Pope, against D. M. Beauchamp as principal, and J. W. Maxwell as indorser, for the sum of $4,225.92, being the amount of said note, principal, interest, and attorney's fees, and rendered judgment in favor of the defendant J. L. Rutherford, refusing the plaintiff any foreclosure on the land. From this judgment J. B. Pope alone appealed, and the Court of Civil Appeals for the Seventh District, to which the case had been transferred, affirmed the judgment as between J. B. Pope and D. M. Beauchamp and J. W. Maxwell, but reversed the judgment in favor of Rutherford, and rendered judgment foreclosing the vendor's lien on the land in question to the extent of $1,500, with interest thereon from December 17, 1910, at the rate of 6 per cent. per annum. Both Pope and Rutherford made motions for rehearing in the Court of Civil Appeals, which were overruled, and both applied to this court for writ of error (165 S. W. xvi). Both writs were granted, and the whole case is now before us.

### Opinion.

The application of the plaintiff in error, Pope, in this case, was granted by the Supreme Court for the reason that the court was of opinion that there was probable error in the holding of the Court of Civil Appeals to the effect that under the facts found by the Court of Civil Appeals the burden of proof was on the plaintiff, Pope, to show that Stephens and wife were good-faith purchasers of the note. The Supreme Court indicated in granting the writ that under the facts found this holding was probably in conflict with the decision in the case of Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, 996. The petition of Rutherford for writ of error was also granted, and we therefore have the whole case before us.

As applied to negotiable notes, the rule announced in the case of Prouty v. Musquiz, supra, is the accepted rule in this state. We do not think it necessary to analyze the facts surrounding the purchase of the note by Stephens and wife for the purpose of determining whether or not there "were any circumstances in the evidence tending to show bad faith in the transaction on the part of" Stephens and wife so as to cast the burden of showing good faith on the plaintiff, Pope, who claimed through Stephens and wife.

[1, 2] The view we take of the case is that Maxwell, and Stephens and wife, and Pope

206 S.W.—59

in so far as the right of foreclosure of the lien on the land is concerned, were all charged as a matter of law with notice of the pendency of the suit of J. L. Rutherford v. C. T. Wright et al., in the district court of Titus county, Tex., and are therefore purchasers pendente lite and are not in position so far as the lien is concerned to claim as innocent purchasers or innocent lienholders.

The Court of Civil Appeals found, and in fact were bound to find from the testimony, that the conveyance from Rutherford to Wright was procured by the grossest character of fraud, and that Rutherford in fact received no consideration for the conveyance.

From our statement it is evident that Beauchamp was not an innocent purchaser of the land, and in fact no claim to that effect is made. The notes given by Beauchamp to Wright were evidently owned by Wright and in his possession on January 24, 1910, when Rutherford filed his suit in the district court of Titus county, Tex., to recover the land and rescind the fraudulent transaction. A lis pendens notice of this suit was filed in the office of the county clerk of Titus county on January 24, 1910. This notice charged all persons claiming the land, or any lien thereon, through either Beauchamp or Wright, with notice of the pendency of the suit, and all such persons are bound by the judgment in that case.

Maxwell, to whom Wright transferred the vendor's lien note, according to his own testimony did not acquire the same until February 12, 1910, and therefore took with notice of the suit brought by Rutherford.

The purchase by Stephens and wife, or by Pope, of the vendors' lien notes under such circumstances as to make them innocent purchasers for value as to the pecuniary obligation of Beauchamp, the maker, and Wright and Maxwell, as indorsers, does not necessarily place them in the attitude of innocent lienholders on the land. The assignees of mortgages on land for the purpose of securing negotiable instruments may be, and frequently are, innocent purchasers for the value of the notes, and yet are charged with notice of the defect or lack of title to the land in the mortgagor or person under whom the lien is claimed. The doctrine of innocent purchaser of negotiable instruments has application only to the rights of the parties to the instrument—in this case the maker and indorsers thereof. Rutherford was no party to the instrument, and his rights are therefore not to be measured by the law applicable to negotiable instruments. He asserts title to the land, and, as between him and Pope, the question is whether Pope acquired the lien on the land under such circumstances as to make him an innocent purchaser for value of the land as against the claim of Rutherford.

Under registration laws, mortgagees of land are in the same category as purchasers, and the validity of their lien or claim as against adverse claimants to the land is governed by the rules applicable to purchasers. See 27 Cyc. 1183, and note; Jones on Mortgages, § 456; Steffian v. Bank, 69 Tex. 517, 6 S. W. 823.

A note retaining a vendor's lien is substantially a mortgage, as mortgages are regarded in this state. Moran v. Wheeler, 87 Tex. 183, 27 S. W. 55.

In the case just cited, Justice Brown, referring to the rights of the holder of a vendor's lien note as against an adverse claimant of the land, not a party to the note, said:

"Its (meaning the note's) negotiable quality does not govern as to the lien, but the law of notice becomes the controlling rule for determining the rights of the parties."

Before Wright transferred the vendor's lien note to Maxwell, Rutherford had filed a suit against both Wright and Beauchamp to recover the land and to cancel the conveyance. His attorney had executed what we think is a sufficient notice of the filing of the suit to comply with article 6837, Sayles' Revised Statutes. This lis pendens notice was on record in the proper county when Maxwell, Stephens, and wife, and plaintiff in error, Pope, acquired the note sued on. Under these circumstances, none of said parties were innocent purchasers without notice of the fraud of Wright, and therefore the plaintiff is not entitled to foreclose against Rutherford.

[3, 4] It is urged by plaintiff in error, Pope, that the lis pendens notice does not comply with the statute, for two reasons: First, because it does not contain a sufficient description of the land; and, second, because it was not shown to have been properly indexed. The statute is as follows:

"Art. 6837. During the pendency of any suit or action, legal or equitable, involving the title to real estate, or seeking to establish any legal or equitable estate, interest or right, present or future, vested or contingent, therein, or to enforce any lien, charge or encumbrance against the same, any party plaintiff, as also any party defendant seeking affirmative relief therein, may file with the county clerk of each county where such real estate, or any part thereof, is situated a notice of the pendency of such suit, to be signed by the party filing the same, or his agent or attorney, setting forth the number and style of the cause, the court in which pending, the names of the party thereto, the kind of suit and a description of the land affected.

"Art. 6838. The county clerk shall record such notice of pendency in a well-bound book, to be styled, 'Lis Pendens Record,' and at the same time index the same, both direct and reverse, under the names of each and all parties to the suit. For such performance of duty, the clerk shall be allowed a fee of fifteen cents per hundred words recorded, not to be less than fifty cents.

"Art. 6839. The pendency of such suit or action shall not prevent effective transfers or encumbrances to a third party for a valuable consideration and without other notice, actual or constructive, by a party to the suit of any such real estate as against a subsequent decree for the adverse party, unless such notice shall

have been properly filed under the name of the party attempting to transfer or encumber in the county or counties in which said land is situated.

"Art. 6840. Such notice of pendency shall not be deemed constructive notice, but merely a memorandum that shall refer all intending purchasers and encumbrancers to an examination of the court records and pleadings to determine whether there is in fact a lis pendens concerning the real estate in question, and it shall be effective for such purpose from the time of its filing."

The lis pendens notice filed and recorded in the office of the county clerk of Titus county, Tex., is as follows:

"J. L. Rutherford, Plaintiff, v. C. T. Wright et al., Defendants. (No. 969.)

"Suit Pending in the District Court of Titus County, Texas. Date of filing: January 24, 1910.

"The names of all parties of said suit are as follows: J. L. Rutherford, C. T. Wright, C. C. Hutcherson, G. P. Holford, D. M. Beauchamp and Will Greer.

"Kind of suit: To recover the M. V. Delgado survey of the land in Titus county, Texas.

"Description of land affected: Situated in Titus county, Texas, 631 acres of the M. V. Delgado survey of land in Titus county, Texas, and situated on Sulphur river and on Timber Lake about fourteen or fifteen miles N. W. from Mt. Pleasant. Texas.

"[Signed] R. T. Wilkinson,
"Attorney for Plaintiff."

This instrument was filed for record the 24th day of January, 1910, and recorded on the 25th day of January, 1910.

The description of the land in the deed from Rutherford to Wright and in the deed from Wright to Beauchamp is substantially as follows:

"All that certain tract or parcel of land in Titus county, Texas, on Sulphur fork of Red river about 15½ miles N. 17 W. from Mt. Pleasant known as the M. V. Delgado headright survey, beginning," etc. (setting out boundaries).

In the petition in the suit of Rutherford v. Wright et al., the land is described in identically the same way as in the deeds above referred to. We think the description in the lis pendens notice is sufficient to identify the land, and that the requirement of the statute that it should contain "a description of the land affected" was complied with. We also think that it was not necessary for Rutherford to show that the lis pendens notice was indexed, as required by article 6838 in order to render the notice effective. Article 6838 does require the clerk to index the notice both direct and reverse under the name of each and all parties to the suit. The effect, however, of the notice, is provided for by article 6840, and it is there expressly provided that the notice "shall be effective for such purpose from the time of its filing." There is nowhere in this statute any provision requiring the index to be made as a condition precedent to the validity of the notice, and, in the absence of such statute, we think that the plain provision of article 6840 requires that

the notice shall be given effect from the time it is received and filed by the clerk.

The plaintiff in error, Pope, insists that the statute which we have considered shall be given the same construction as the statutes with reference to the filing and recording of abstracts of judgment in order to acquire judgment liens. We do not think it necessary to go into this question further than to call attention to the fact that article 5616, relating to judgment liens, expressly provides that—

"When any judgment has been recorded and indexed as provided in the preceding article, it shall from the date of such record and index operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire, situated in said county."

The difference between these two statutes is apparent. The statute with reference to lis pendens notices provides that the notice shall be effective from and after the filing of the same, while the judgment lien statute provides that the judgment shall attach when the judgment has been recorded and indexed.

The only issue in this case as between J. B. Pope and J. L. Rutherford was as to the right of Pope to foreclose a lien on the land, and what we have said disposes of that issue.

We therefore are of opinion that the judgment of the Court of Civil Appeals should be reversed, and that the judgment of the trial court should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission is adopted and will be entered as the judgment of the Supreme Court.