SMITH, J., entered his disqualification and did not sit in this case.

---

SMITH et al. v. WORD et al.    (No. 6456.)

(Court of Civil Appeals of Texas. Austin. Oct. 11, 1922. On Motion for Rehearing Dec. 6, 1922. Rehearing Denied Jan. 31, 1923.)

1. **Evidence** ⊙⇒235—**Payee's statements at time of execution of note admissible to show fraud in inception.**

Where a note was given in part payment of a garage business, in transferee's action thereon evidence of statements of the payee at the time of the garage sale in reference to indebtedness against his business was admissible to show fraud in the note's inception.

2. **Bills and notes** ⊙⇒497(5), 537(6)—**Placing burden of proof on transferee of note to show good faith and purchase for value held proper.**

In action on a note by the transferee, where defendant pleaded fraud in inception of the note, and proved facts which showed that it was fraudulently acquired by payee, and there was evidence of a circumstantial nature tending to impeach transferee's good faith not only as to payment of value, but also to show notice of vice in it, the burden of proving good faith and valuable consideration was on plaintiff, and the issue was properly submitted to the jury.

3. **Bills and notes** ⊙⇒538(4)—**Burden of showing lack of knowledge of fraud in inception of note improperly placed on transferee.**

In transferee's action on a note, where the burden was on plaintiff to show that the note was purchased in good faith and for a valuable consideration, it was error to instruct that it was incumbent on her to show that she had no notice of defects in it, as the burden devolved on defendants to show such notice unless plaintiff failed to discharge the burden of proving value and good faith.

4. **Bills and notes** ⊙⇒339—**Rule as to notice to transferee in due course of defenses to note stated.**

Where purchaser of negotiable paper has paid value and has acquired it in good faith before due, it is not enough to defeat his title to show that an inquiry might have led to knowledge of facts which were not actually known.

On Motion for Rehearing.

5. **Appeal and error** ⊙⇒231(3)—**No reversal where objection is made to admission of all evidence, part of which was admissible.**

In transferee's action on a note, where fraud in its inception was pleaded, and evi-

dence of statements made by the payee at the time of its execution and other statements shortly prior to its transfer to plaintiff were admitted, assignment of error cannot be predicated on the admission of evidence where bills of exception showed that objections were made to the entire testimony shown therein, a part of which was admissible.

6. Bills and notes ⬅️525—Evidence held sufficient to impeach good faith of purchaser of note before maturity.

Where the payee of a note given in part payment for a garage transferred it to his sister-in-law shortly before a levy of an execution against him, in transferee's action against the makers, evidence *held* sufficient to support a verdict impeaching her good faith and claim that she paid value for it.

Appeal from District Court, Irion County; C. E. Dubois, Judge.

Action by Mrs. M. A. Smith and another against Dee Word and others, in which defendants filed a cross-action against Alf Smith. Judgment for defendants on plaintiffs' action, and plaintiffs appeal. Affirmed.

Wright & Harris, of San Angelo, for appellants.

Hill & Hill, of San Angelo, for appellees.

BRADY, J. Appellant, Mrs. M. A. Smith, joined by her husband, filed this suit against appellees, Dee Word, S. W. O'Connor, and T. D. Word, upon a promissory note for $1,000, dated March 4, 1918, payable to the order of Alf Smith, and due six months after date. She alleged that before the maturity of the note she purchased the same from Alf Smith for a valuable consideration, and in good faith, and that it was delivered and indorsed to her by Alf Smith. She further pleaded that she purchased the note without notice of any of the defenses urged by defendants, and that she was entitled to the protection of an innocent purchaser for value.

The defendants pleaded that shortly before the execution of the note Alf Smith was the owner of a garage and automobile accessories business in the town of Mertzon; that Smith negotiated a sale of the lots, building, stock, and fixtures to the defendants Dee Word and S. W. O'Connor, representing that all goods had been paid for, and that he owed no indebtedness except a small amount to the First National Bank of Mertzon; that these defendants agreed to pay Smith $2,570 for the property, and to assume the debt owing to the Mertzon bank; that they relied upon his representations that there were no debts and liens against the property, and therefore did not require him to comply with the provisions of the Bulk Sales Law governing such sales; that, relying upon Smith's representations, the said defendants purchased the property, and paid therefor by transferring a flock of goats to Smith,

by assuming and paying the indebtedness to the Mertzon bank, and by executing the note in controversy, which the defendant T. D. Word signed as a surety. It was further alleged that it shortly developed that the representations were false and fraudulent, and that Alf Smith owed an indebtedness to two business concerns, aggregating more than the amount of the note in question, which were reduced to judgments, and which defendants were compelled to pay by reason of the liability created by the Bulk Sales Law of Texas, and that thereby the consideration for the note had wholly failed. It was further answered under oath that Mrs. Smith, the plaintiff, had not paid a valuable consideration for the note, and that she did not purchase it in good faith, but that the alleged transfer and indorsement was made for the purpose of defeating the defenses urged by defendants, and was taken by the plaintiff with knowledge of the defects. Defendants also sought by cross-action a recovery against Alf Smith for any judgment which the plaintiffs might recover against them.

The case was submitted to the jury upon special issues as follows:

"1. Did the plaintiff, Mrs. M. A. Smith, purchase the note sued upon, in good faith, and for a valuable consideration? If you answer 'No' to the foregoing question, you need not answer the following question, but will return your answer into court as your verdict; otherwise you will answer the following question:

"2. Did plaintiffs at or prior to the time they acquired said note have knowledge or notice of the defendants' defense to said note? In connection with the foregoing question, and as a part thereof, you are charged that whatever is notice enough to excite attention and put a party on his guard and call for inquiry is notice of everything to which it is afterwards found that such inquiry might have led, although all was unknown for want of investigation.

"The burden is upon plaintiffs to prove the affirmative of the first issue and the negative of the second issue by a preponderance of the evidence."

[1] In several assignments of error it is urged that the trial court erred in permitting the defendants Dee Word and T. D. Word and Frank Emerick, the sheriff, to testify, over the objection of the plaintiffs, to conversations had with Alf Smith, and to statements made by Smith to such witnesses in relation to the representations made by Smith at the time of the sale, and also to statements subsequently made by Alf Smith bearing upon his purpose in transferring the note to plaintiff. The testimony in question was objected to as being immaterial and irrelevant, and not binding on the plaintiff Mrs. Smith, because it was not shown that she was present at the time of the conversations, nor that she had knowledge of

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the same or of the false and fraudulent representations admitted by Alf Smith before or at the time of her purchase of the note. These and similar objections were renewed after all the testimony was in, and plaintiffs moved the court to strike out the testimony, and to direct the jury not to consider the same.

Much of the testimony objected to was a statement of the representations made by Alf Smith at the time of the sale in reference to the indebtedness against the business. These statements, in our opinion, were clearly admissible to show fraud in the inception of the note, which was specifically pleaded by the defendants, and as a predicate for casting the burden upon plaintiffs to show that Mrs. Smith purchased for value and in good faith. This holding applies to the testimony both of Dee Word and T. D. Word in respect to the representations made by Alf Smith. Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, 996.

We think a different rule must be applied to the testimony of Dee Word relating to the conversation with Alf Smith made just before the alleged transfer and sale of the note, and also as to the testimony of the sheriff when he sought to collect a judgment from Alf Smith on an execution. It was admitted by these witnesses that Mrs. Smith was not present at any of the times when the conversations took place, and it was not shown that she knew of such conversations before or at the time she acquired the note. In these circumstances we are of the opinion that the statements and admissions of Alf Smith were not admissible against nor binding upon Mrs. Smith. The testimony of Dee Word as to this phase of the matter was to the effect that a Mr. Campbell was trying to get a settlement out of Alf Smith for the Pierce-Fordyce Company, on a debt against the business, and that Alf told Dee Word at the garage one evening that Mr. Campbell was trying to collect this account, but Alf said, "I will turn it over to the old lady, and see that he don't get that;" the reference being to the note in controversy. The testimony of the sheriff was, in substance, that he had a writ of execution against Alf Smith, in March, 1918, and that he was about to levy on Alf Smith's goats; that Alf did not want him to levy on the goats, and requested him to wait until morning, and that he would go to the bank and pay it off. The next morning the sheriff went to the bank to meet Alf Smith, who did not show up, and the county clerk told him that Alf Smith came in that morning, and that everything he had was transferred to Mrs. Smith; that the transfer referred to was the bill of sale offered in evidence, and was upon some goats. The sheriff further testified that he had a conversation with Alf Smith after that, and that Alf laughed at him.

The evidence in the case was conflicting. Mrs. Smith testified positively that she bought the note in good faith, and paid Alf Smith $1,000 for it. She is corroborated by the testimony of her attorney, who drew the check upon Mrs. Smith's funds, at her direction, in payment of the note. The testimony for defendants upon this issue is chiefly, if not wholly, circumstantial; their main reliance being upon the relationship between the parties, Alf Smith being a brother of Mrs. Smith's husband, and the rather singular want of recollection on the part of Mrs. Smith as to the bill of sale made by Alf Smith to her conveying his goats for a recited consideration of $1,000 cash paid, and the discharge of a lien which Mrs. Smith had previously held upon the lots and building where Smith had transacted his business. These circumstances, it may be assumed, tended strongly to throw suspicion upon the alleged purchase by Mrs. Smith, and upon her good faith in the transaction.

In these circumstances it may be that the controlling factor in the jury's conclusion to discredit the testimony of Mrs. Smith was the testimony of Dee Word and the sheriff in relation to the statements made by Alf Smith and his conduct, which we have above pointed out. If the testimony was not admissible, it was clearly prejudicial. We are of the opinion that the testimony was incompetent and irrelevant, and was essentially in the nature of hearsay, Mrs. Smith not having been present, and it not having been shown that she knew of such statements or conduct prior to her alleged purchase. The claim of defendants against Alf Smith was for judgment over against him for any amount that the plaintiff might recover against them on the note. This claim rested primarily upon the fraudulent representations made by Alf Smith at the sale, which were undisputed, and affords no ground of admissibility for the statements and actions of Alf Smith immediately preceding the transfer of the note. For the erroneous admission of this evidence, we conclude that the judgment must be reversed.

[2] It is also insisted by appellants that it was error to submit the special issues to the jury, because the uncontradicted evidence shows that Mrs. Smith purchased for value and in good faith, and also that the court erroneously placed the burden of proof upon the plaintiffs as to both issues. We do not agree with appellants that the uncontradicted evidence showed Mrs. Smith to be a purchaser for value and in good faith. It is true that she so testified, and that her testimony finds apparent corroboration in that of her attorney, but there is in the record testimony of a circumstantial nature tending to impeach her good faith, as well as the payment of value for the note, and also tend-

ing, although less strongly, to show notice of the vice in the note.

As to the burden of proof, it will be remembered that the defendants specially plead fraud in the inception of the note, and they denied under oath that Mrs. Smith paid value, or that she purchased in good faith. Furthermore, defendants proved facts which, if true—and they appear to be undisputed—show that the note was fraudulently acquired by Alf Smith. Having proved fraud in the inception of the note and under the pleadings, we think the rule announced in Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, 996, is applicable here, and that the trial court properly instructed the jury that the burden of proof was upon the plaintiff to prove that she paid a valuable consideration and purchased the note in good faith.

[3] As to the second issue, however, which involved the question as to whether Mrs. Smith, prior to the time she acquired the note, had notice of the defenses urged, we are of the opinion that the court improperly placed the burden upon the plaintiff. An answer was required to the second question only in the event the plaintiff had discharged the burden of showing that she had purchased for value and in good faith. It was not incumbent upon plaintiff to show that she had no notice of the defects in the paper, but it devolved upon defendants to show such notice, unless she failed to discharge the burden of proving value and good faith in the purchase. See Prouty v. Musquiz, supra.

[4] We may add also that the rule of notice given in the charge to the jury is not the correct rule as applied to the purchase of negotiable paper. In such case, if the purchaser has paid value and has acquired the paper in good faith, it is not enough to defeat his title to show that an inquiry might have led to the knowledge of facts which were not actually known. The freedom in circulation of negotiable paper requires a more liberal rule for the protection of purchasers, and our courts have ever, as far as we are aware, so held. The last two conclusions are announced for the guidance of the trial court in the event of another trial.

All other assignments are overruled. For the error stated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

## On Motion for Rehearing.

On original hearing this court reversed the judgment of the trial court, and remanded the cause, for the reason that we were of the opinion that the court committed reversible error in the admission of certain evidence, consisting of statements made by Alf Smith to Dee Word and Frank Emerick, sheriff, out of the presence of appellant, Mrs. M. A. Smith, and without her knowledge. This holding is challenged by appellees upon

248 S.W.—47

the ground that such declarations of Alf Smith, a party to the assignment, and made while he was still the owner and holder of the note, were relevant and proper circumstances to be considered by the jury in determining whether the transfer afterwards made was bona fide and for a valuable consideration. It is insisted that this is a fraud case, and that great latitude is allowed in that class of cases, both in the pleadings and in the proof, since the party alleging fraud must usually have recourse to circumstantial evidence. Cases cited in support of the contention are Wright v. Linn, 16 Tex. 35; Mayo v. Savoni, 1 White & W. Civ. Cas. Ct. App. § 218.

The argument as presented is very persuasive, and has somewhat shaken our confidence in our previous holding. However, the authorities cited by appellees were cases involving fraudulent conveyances of goods, in which both the intention of the vendor and the intention of the vendee were material upon the issue as to whether the conveyances were in fraud of creditors. Here we are dealing with the question of the rights of a person claiming to be an innocent holder of commercial paper. The rule is well settled that in such cases, if the purchaser has acquired the paper before maturity and for value, and under circumstances not tending to show bad faith, the burden is upon the adverse party to show notice of the defenses, as indicated in our former opinion. Failing to show notice of the vice in the paper, the rights of the purchaser before maturity in such circumstances are complete, and the title good as against defenses not known to the purchaser before his purchase. Such being the law, it is difficult to see how the purchaser of commercial paper can be affected by statements made by the assignor, out of the presence of and without the knowledge of the purchaser, even though made while he was still the owner of the paper. But, be that as it may, we think there are other grounds upon which we should reverse our previous holding, and must now decide that there was no reversible error in admitting the evidence in question.

It is urged by appellees that the assignments on this point must be held to be wholly insufficient, because it appears that appellants have not assigned error to the introduction of this particular portion of the testimony, but that the assignments relate to other testimony which was clearly admissible. It is further insisted that, even if the assignments be sufficient to raise the question, the bills of exception show that the objections below went to the entire testimony, and not specifically to the part which we held to be inadmissible. The rule is invoked that, when the objection is made to the entire testimony shown in the bill, and part of it is admissible and part inadmissible, the case will not be

reversed because it may be made to appear that part of the evidence was really inadmissible. It seems to be settled by the decisions of our Supreme Court that in such circumstances it is not the duty of the trial court to separate the admissible testimony from the inadmissible, and to apply the objections in the latter, but that it is the duty of counsel to do so, and to point out specifically each part of the testimony objected to. G. H. & S. A. Ry. Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894; Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780; Scott v. Townsend, 106 Tex. 322, 166 S. W. 1138. Other cases to the same effect are: Dolan v. Meehan (Tex. Civ. App.) 80 S. W. 99; Wells v. Hobbs, 57 Tex. Civ. App. 375, 122 S. W. 451; Lanham v. Lanham, 62 Tex. Civ. App. 431, 146 S. W. 635. As to the sufficiency of the assignments based on such bills of exception, see Mott v. Ins. Co. (Tex. Civ. App.) 154 S. W. 658; O'Brien v. Von Lienen (Tex. Civ. App.) 149 S. W. 723.

[5] We have carefully examined the assignments and the bills of exception under each. The proposition presented under these assignments indicates that what the appellants were really complaining of was the introduction of the statements and alleged fraudulent representations of Alf. Smith at the inception of the note, and not to his subsequent statements and conduct just before he parted with the note and made the bill of sale to the goats to Mrs. M. A. Smith. We are disposed to agree with appellees that the assignments do not raise the question upon which we reversed the judgment below. But, if the assignments and the proposition thereunder should be deemed sufficient to present the question, we think that, in deference to the rule announced by our Supreme Court, we should hold that the assignments must fail because the bills of exception show that the objections were made to the entire testimony shown in the bills, a part of which was unquestionably admissible. We adhere to the view that the fraudulent representations and conduct of Alf Smith in inducing the execution of the note were admissible, whether Mrs. M. A. Smith was present or not, as this proof tended to establish the issue that the note had its inception in fraud. If the other statement subsequently made should be conceded to be inadmissible, the objection is not available here, because the bills did not show that they were urged specifically against the inadmissible testimony, but were made as an entirety. This ruling applies not only to the statements of Alf Smith to Dee Word, but also to the testimony of the sheriff, Frank Emerick. We are of the opinion that at least so much thereof as related to his having an execution which he was about to levy upon the goats of Alf Smith, which were then still in the possession of the latter, and had not been sold to Mrs. M. A. Smith, that he presented this execution to Alf Smith and deferred the levy at the request of the latter, and that the next day he discovered that Alf Smith had transferred the goats, and was shown the bill of sale to the same by the county clerk, was admissible. If the rest of the testimony was inadmissible, it would avail appellants nothing because of their failure to separate and apply the objections to it.

[6] In the view we now take of the case, there remains but one other question to consider. Appellants insist that the evidence in this case is insufficient to sustain the verdict and the judgment.

We have given the most careful consideration to all the evidence in the record, and have concluded that, while the evidence impeaching the good faith of Mrs. Smith in the purchase of the note and her claim that she paid value for the same is largely, if not wholly, circumstantial, it is sufficient to support the verdict. It was admitted by Mrs. Smith that she paid Alf Smith $1,000 but one time, which she claims was for the purchase of the note in question, and that this was paid about the latter part of March. Her attention was called to the bill of sale from Alf Smith to herself, dated March 26, 1918, conveying the goats, and reciting a cash consideration of $1,000, together with other consideration. When questioned about this bill of sale and the $1,000 consideration therein recited, Mrs. Smith disclosed a singular ignorance about it, and a poor memory about the entire transaction. This, together with the other circumstances in the case, was sufficient to warrant the jury in concluding to adopt the appellees' theory of the case, that the $1,000 paid by Mrs. Smith, through her check to Alf Smith, was not in payment for the note, but was part of the consideration for the sale of the goats. If this was true, then Mrs. Smith undoubtedly paid nothing of value for the note, and it was in her hands subject to the defenses urged. It must be remembered that the burden had shifted to her to prove that she had paid value for the note and had acquired it in good faith, the appellees having proven fraud in the inception of the note. The jury were the exclusive judges of her credibility, and had the opportunity of witnessing her demeanor and manner of testifying, as well as her interest in the case. Their finding should not be disturbed unless manifestly wrong.

It is true, as indicated in our former opinion, that the attorney for Mrs. Smith testified to statements made by her and by Alf Smith, in his presence, that Mrs. Smith had purchased the note; that he drew up a check for her in payment thereof, which she signed and delivered to Alf Smith; and to other circumstances indicating a bona fide purchase. However, this is not sufficient to overcome

the other circumstances in the case, inasmuch as these statements and this conduct may have all been agreed to and performed by design of the parties in order to deceive the attorney and to strengthen the apparent purchase.

All other assignments have been considered and are overruled. Our former judgment will be set aside and the judgment will be affirmed.

Motion granted.